# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| K.MIZRA LLC,<br><br>  Plaintiff / Counterclaim Defendant,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY and ARUBA NETWORKS, LLC,<br><br>  Defendants / Counterclaim Plaintiffs. | Civil Action No.: 2:21-cv-00305-JRG<br><br>**Jury Trial Demanded** |

### PLAINTIFF K.MIZRA LLC'S RESPONSE IN OPPOSITION TO DEFENDANTS HEWLETT PACKARD ENTERPRISE COMPANY'S AND ARUBA NETWORKS, LLC'S MOTION FOR ISSUANCE OF LETTER OF REQUEST

Plaintiff K.Mizra LLC ("K.Mizra") files its Response in Opposition to Defendants Hewlett Packard Enterprise Company and Aruba Networks, LLC's (collectively, "Defendants") Motion for Issuance of Letter of Request (ECF No. 74, "Defendants' Motion") and respectfully requests that the Court deny Defendants' Motion.

Defendants are seeking documents from third-party Iceberg Associates LLP (f/k/a Iceberg IP Group, LLC and/or Iceberg Innovation Partners LLP) ("Iceberg UK"), located in the United Kingdom. While the United Kingdom is a party to the Hague Convention on the Taking of Evidence Abroad (the "Hague Convention"), this request weighs against judicial economy as the burden of the requests outweigh any potential benefits. This request is also repetitive of other discovery efforts by Defendants and is duplicative of discovery already obtained or likely to be obtained by Defendants soon. As such, Defendants have failed to allege facts sufficient for the Court to conclude that seeking foreign discovery from Iceberg UK is warranted. For these reasons, and the reasons set forth below, the Court should deny Defendants' Motion.

██████████

## FACTUAL BACKGROUND

K.Mizra is asserting two patents in this litigation, U.S. Patent Nos. 8,234,705 ("the '705 Patent") and 9,516,048 ("the '048 Patent") (collectively, the "Asserted Patents").

Defendants' contractual counterclaims revolve around a ██ settlement and license agreement ████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████ Defendants allege ████████████ prevents K.Mizra from enforcing the Asserted Patents as patents that are subject to a covenant not to sue. ████

████████████████████████████████████████████████████████████████████

████████████████████████████████ ████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

Defendants now seek discovery from Iceberg UK, a non-party, foreign entity, patent broker ████████████████████████████████████████████ Defendants have also served third-party subpoenas ████████████████████████████████████ who are the best parties that may have actual knowledge ████████████████████ Defendants have also issued third party subpoenas to the U.S. Iceberg entity, Iceberg IP Group ("Iceberg US"). Iceberg UK and Iceberg US are merely patent brokers that market patent assets for sales, and neither entity would be in a position to know whether ██████████████████████████ on the Asserted Patents.

The parties ████████████ were all served subpoenas in early May and have not yet produced documents or testified in depositions. Discovery from these entities is already overly broad ██████████████████████████████████████████████████████████ has been

produced by K.Mizra. Thus, the discovery requested from Iceberg UK to merely "confirm" K.Mizra's previous productions is unwarranted as repetitive and overly burdensome on a foreign entity and should be denied.

## LEGAL STANDARD

When deciding whether to grant a request for issuance of a Letter of Request under the Hague Convention, the Court must "'consider international comity' and 'demonstrate due respect for any special problem confronted by the foreign litigant on account of its nationality or the location of its operation, and for any sovereign interest expressed by a foreign state.'" *Luminati Networks Ltd. v. Code200, UAB*, No. 2:19-CV-00396-JRG, 2021 WL 2819457, at *1 (E.D. Tex. Feb. 1, 2021) (quoting *Societe Nationale Industrielle Aeropatiale*, 482 U.S. 522, 546 (1987)).

Courts consider five factors when assessing the appropriateness of issuing a Letter of Request:

> (1) the importance to the litigation of the documents and other information requested;
>
> (2) the degree of specificity of the requests;
>
> (3) whether the information originated in the United States;
>
> (4) the availability of alternative means of securing the information; and
>
> (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located.

*Id.* (quoting *Societe*, 482 U.S. at 544 n.28). After weighing each of these factors provided by the Supreme Court, as analyzed below, the Court should deny Defendants' Motion.

██████████████

## ARGUMENT

Defendants' Motion is consistent with its disproportional approach to discovery in this case. Defendants have subpoenaed numerous unrelated third parties and non-parties requesting duplicative information that has already been provided by K.Mizra or that is available from the four corners of the underlying Agreement between non-parties at issue. Defendants fail to meet any of the five factors of *Luminati Networks Ltd.* as set forth below.

### A. The Importance to the Litigation of the Documents and Other Information Requested

Defendants claim that the potential evidence from Iceberg UK "is central to two case-dispositive contractual counterclaims that Defendants recently discovered and pled." (ECF No. 74 at 2). However, the alleged "case-dispositive contractual counterclaims" are both related ████ ████ Any case dispositive information relating to Defendants' claims ████ ████ should come from the parties ████████ not a non-party, let alone, a non-party in a foreign jurisdiction. Additionally, Defendants have not in any way shown how a *non-party* could ████████████ on a patent apart from the patent owner. Iceberg UK's opinion ██ ████████████████████████████ is not dispositive nor relevant █ ████████████████████ Equally, Iceberg UK's opinion as to whether the Asserted Patents were under due diligence is not dispositive nor relevant. ████████ ████████████████████████████████████████████ ████████████████ ████████████████ the patent assignment record already show that the Asserted Patents were not under diligence in 2016. Similarly, third-party discovery ████████████ will likely show the same, obviating the need for any international discovery and associated judicial resources.

Defendants rely upon discovery from *K.Mizra LLC v. Cisco Systems, Inc.*, No. 6:20-cv-01031-ADA (W.D. Tex. 2020) to show that discovery from Iceberg US would be insufficient. But Defendants still subpoenaed Iceberg US in line with Defendants' patterned and overly broad approach to discovery. Similar to this motion, Cisco Systems, Inc. had also moved to discover "potentially case dispositive evidence" from Iceberg UK through a letter of request with similar requests to Defendants' ▓▓▓▓▓▓▓▓. That motion was denied by the Western District of Texas. The Court in the present case should similarly deny this Motion.

Further, even if Iceberg US does not provide any information related to its patent brokerage role, no evidence has been provided as to why this information, if it exists, would be discovered from Iceberg UK instead of the parties ▓▓▓▓▓▓▓▓. To conclude, Defendants have not shown the importance of the documents and testimony that it could receive from Iceberg UK; thus, this factor weighs in favor of denying Defendants' Motion.

### B. The Degree of Specificity of the Request

Defendants argue that their requests to Iceberg UK "are narrowly tailored to answer a single, case dispositive question: is K.Mizra precluded from asserting the Asserted Patents against Defendants pursuant to a covenant not to sue ▓▓▓▓▓▓▓▓ (ECF No. 74 at 9). However, Defendants' requests are far from being narrowly tailored to this question. Defendants' requests include nine requests for the production of documents and eleven deposition topics that are much broader than Defendants' assertions in this motion. (*Id.*, Ex. A ("All communications and documents relating to Your representation of, or work performed on behalf of, any of the following individuals or entities: a. Nicolas Labbit; b. Brian Yates; c. Iris Connex, LLC; d. Q Patents, Inc.; e. Spectrum Patents, Inc.; or f. Network Security Technologies, LLC.") ("All communications and documents produced by You in response to any requests (formal or informal), subpoenas,

5

demands, or any other methods, in connection with any lawsuit to which Microsoft Corporation is a party.").) Further, all the necessary information ▇▇▇▇▇▇ have already been made available to Defendants by K.Mizra.

Defendants state that they "now seek discovery from Iceberg ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ This information, if it exists, can be "confirmed" by K.Mizra or the parties ▇▇▇▇▇▇ through U.S. discovery methods. In the alternative, if the narrow question stated by Defendants is all they seek from Iceberg UK, Defendants should have specifically named this request as a document production request and a deposition topic request. Defendants instead broadly requested all communications and documents between the parties ▇▇▇▇▇▇ and Iceberg UK and made other broad discovery requests obtainable through simpler and more cost-effective means. Thus, this factor weighs in favor of denying Defendants' Motion.

### C. Whether the Information Originated in the United States

The agreement ▇▇▇▇▇▇▇▇▇▇▇▇ was entered into in the United States, with all of its signatories located in the United States, ▇▇▇▇▇▇▇▇. Thus, the source of the information Defendants seek is located in the United States and is easily accessible by U.S. citizens without burdening foreign entities. This factor weighs against granting Defendants' Motion.

### D. The Availability of Alternative Means of Securing the Information

Defendants subtly mention the alternative means to secure the information it seeks in their own motion. This clear alternative to obtain the discovery is via the parties ▇▇▇▇▇▇, who are all U.S. entities or citizens. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Furthermore, any actual need for discovery reflected in Defendants' Motion will likely be fulfilled

by other third-party discovery sought by Defendants in the U.S. only a short time before Defendants filed this motion. The U.S. third parties have not yet been required by the subpoenas to produce documents or testify about the potential due diligence of the Asserted Patents. Thus, Defendants are seeking this foreign discovery before they have even had a chance to discover whether the parties ▮▮▮▮▮▮▮▮ or the Iceberg US entity are able to provide the discovery they seek. Defendants' requests are therefore premature and redundant.

A "party seeking to pursue discovery through the Hague Evidence Convention bears the burden of demonstrating that proceeding in that manner is 'necessary and appropriate.'" *Cywee Grp. Ltd. v. Huawei Device Co.*, No. 2:17-CV-495-WCB, 2018 WL 4100763, at *2 (E.D. Tex. July 13, 2018). Defendants' requests are neither necessary nor appropriate. Seeking alternative means within the United States is the necessary and appropriate solution and is preferred because it favors judicial economy by avoiding invoking an international treaty and creating extra costs for all parties involved. This factor thus weighs in favor of denying Defendants' Motion.

> E. **The Extent to Which Noncompliance with the Request Would Undermine Important Interests of the United States, or Compliance with the Request Would Undermine Important Interests of the State Where the Information is Located**

While the United States has an interest in "ensuring that defendants in patent infringement can gain access to critical documents and knowledge held exclusively by third parties," this interest is not important here. *See Seoul Semiconductor Co. v. Nichia Corp.*, 590 F. Supp. 2d 832, 836 (E.D. Tex. 2008). Not only is this knowledge not held exclusively by Iceberg UK, if it is held by Iceberg at all, but it could be recovered by a U.S. person that has already been subpoenaed by Defendants. Moreover, the United Kingdom *does* have an interest in protecting its companies from the same. Denying Defendants' Motion would avoid unduly burdening authorities in the United Kingdom while also promoting judicial economy and efficiency in the United States.

## **CONCLUSION**

Defendants' Motion should be denied. Defendants have already subpoenaed the necessary U.S. third parties to obtain any discovery related to due diligence of the Asserted Patents, if any evidence exists. Defendants provided no reason as to why Iceberg UK would have information that other United States entities could provide. Considering the costs involved in foreign discovery, impact on judicial economy, and the redundant nature of the requested discovery, the Court should deny Defendants' Motion.

| | |
|---|---|
| Dated: May 30, 2023 | Respectfully submitted, |
| | By: /s/ Briana D. Long |

    Claire Abernathy Henry
    Texas Bar No. 24053063
    Andrea Leigh Fair
    Texas Bar No. 24078488
    Charles Everingham IV
    Texas Bar No. 00787447
    Ward, Smith & Hill, PLLC
    1507 Bill Owens Parkway
    Longview, TX 75604
    Telephone: (903) 757-6400
    Email: claire@wsfirm.com
          andrea@wsfirm.com
          ce@wsfirm.com

    Robert R. Brunelli
    CO State Bar No. 20070
       rbrunelli@sheridanross.com
    Paul Sung Cha*
    CO State Bar No. 34811
       pscha@sheridanross.com
    Patricia Y. Ho
    CO State Bar No. 38013
       pho@sheridanross.com
    Matthew C. Holohan
    CO State Bar No. 40996
       mholohan@sheridanross.com
    Bart A. Starr
    CO State Bar No. 50446
       bstarr@sheridanross.com
    Angela J. Bubis*
    CO State Bar No. 58144
       abubis@sheridanross.com
    Briana D. Long*
    CO State Bar No. 57914
       blong@sheridanross.com
    SHERIDAN ROSS P.C.
    1560 Broadway, Suite 1200
    Denver, Colorado 80202-5141
    Tel: (303) 863-9700
    E-mail: litigation@sheridanross.com

    *Admitted pro hac vice
    Attorneys for Plaintiff K.Mizra LLC

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on May 30, 2023.

/s/ Briana D. Long
Briana D. Long*
CO State Bar No. 57914
  blong@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202-5141
Tel: (303) 863-9700
E-mail: litigation@sheridanross.com

*Admitted pro hac vice
Attorney for Plaintiff K.Mizra LLC