**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| K.MIZRA LLC,<br><br>        Plaintiff,<br><br>            v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY and ARUBA NETWORKS, LLC,<br><br>        Defendants. | Civil Action No. 2:21-cv-305-JRG<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(C)

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*DeForest Radio Telephone Co. v. United States*,
    273 U.S. 236 (1927) ...................................................................................................... 7

*Doe v. MySpace, Inc.*,
    528 F.3d 413 (5th Cir. 2008) ........................................................................................ 2

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*,
    313 F.3d 305 (5th Cir. 2002) ........................................................................................ 1

*HTC Corp. v. Telefonaktiebolaget LM Ericsson*,
    407 F. Supp. 3d 631 (E.D. Tex. 2019), aff'd, 12 F.4th 476 (5th Cir. 2021)................ 2

*Hughes v. The Tobacco Inst., Inc.*,
    278 F.3d 417 (5th Cir. 2001) ........................................................................................ 2

*Iris Connex, LLC v. Dell, Inc.*,
    235 F. Supp. 3d 826 (E.D. Tex. 2017) ...................................................................... 1, 2

*Jefferson St. Holdings Intell. Prop. LLC v. Tech 21 UK Ltd.*,
    No. 5:18-CV-806-DAE, 2019 WL 5795667 (W.D. Tex. June 10, 2019) ..................... 7

*Martinez v. Bally's Louisiana, Inc.*,
    244 F.3d 474 (5th Cir. 2001) ...................................................................................... 11

*MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.*,
    995 S.W.2d 647 (Tex. 1999) ......................................................................................... 8

*Microsoft Corp. v. AT&T Corp.*,
    550 U.S. 437 (2007) .................................................................................................... 13

*Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. McMurray*,
    No. 4:06-CV-545-Y, 2008 WL 11422710 (N.D. Tex. Sept. 29, 2008), aff'd sub nom.,
    342 F. App'x 956 (5th Cir. 2009) ................................................................................. 2

*Norris v. Hearst Tr.*,
    500 F.3d 454 (5th Cir. 2007) ........................................................................................ 7

*Nunez v. Simms*,
    341 F.3d 385 (5th Cir. 2003) ........................................................................................ 2

*Schneider Nat'l Transp. v. Ford Motor Co.*,
    280 F.3d 532 (5th Cir. 2002) ........................................................................................ 1

*SiRF v. Int'l Trade Comm'n*,
    601 F.3d 1319 (Fed. Cir. 2010) .................................................................................... 7

*Terry Black's Barbecue, LLC v. State Auto. Mut. Ins. Co.*,
    22 F.4th 450 (5th Cir. 2022) ............................................................................................... 4

*U.S. Philips Corp. v. Int'l Trade Comm'n*,
    424 F.3d 1179 (Fed. Cir. 2005) ......................................................................................... 6

*Victory Med. Ctr. Beaumont, L.P. v. Conn. Gen. Life Ins. Co.*,
    No. 1:17-CV-48, 2018 WL 3467915 (E.D. Tex. July 17, 2018) ....................................... 1

*White v. ARCO/Polymers, Inc.*,
    720 F.2d 1391 (5th Cir. 1983) ........................................................................................... 8

**Other Authorities**

Rule 12(b)(6) ................................................................................................................................ 2

Rule 12(c) ................................................................................................................................. 1, 2

**TABLE OF CONTENTS**

I.     LEGAL STANDARD ........................................................................................................1

II.    FACTUAL BACKGROUND ............................................................................................2

    A.     The ████████ resulted from prior suits in this District. ...................................... 2

       1.     ████████t ...........................................................................................3

       2.     ████████ ............................................................................................3

    B.     The Asserted Patents were owned by Yates companies. ..................................... 4

    C.     K.Mizra's infringement allegations depend on the use of Microsoft and Apple products..............................................................................................................5

    D.     Defendants bring this Motion following K.Mizra's belated production of ████ ................................................................................................................... 6

III.   ARGUMENT .....................................................................................................................6

    A.     ████████ bars K.Mizra's Apple-based claims in their entirety. ....................... 6

       1.     The Asserted Patents are subject to ████████. ................................. 7

       2.     Defendants are third-party beneficiaries entitled to enforce ████ ..7

       3.     ████████ bars K.Mizra's infringement claims on two bases...............8

    B.     ████████ bar K.Mizra's pre-November 11, 2021 Microsoft-based claims. .............................................................................................................. 10

       1.     The Asserted Patents are subject to the ████████. ........................... 10

       2.     Defendants are third-party beneficiaries entitled to enforce ████ ████. .............................................................................................. 11

       3.     ████████ bar K.Mizra's infringement claims. ........................... 12

IV.    CONCLUSION.................................................................................................................15

██████████████████████████████████████████

In this case, K.Mizra asserts infringement of two patents, both acquired from Brian Yates' companies in the wake of his failed *Iris Connex* litigation in this Court. K.Mizra's infringement theories depend on the use of Apple and Microsoft products. When *Iris Connex* concluded, ███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████

As set forth below, the pleadings establish that: 1) both asserted patents fall within the scope of the ████████████████████; 2) ████████████████████; 3) Defendants are third-party beneficiaries ██████████████████████; and 4) ███████████████████

███████████████████████████████████████████

█████████████████████████ Therefore, the Court should grant Defendants judgment on the pleadings of their affirmative defense of license and their declaratory judgment counterclaims as a matter of law.

## I.    LEGAL STANDARD[1]

A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quotation omitted). A claim may be dismissed under Rule 12(c) "if a successful affirmative defense appears on the face of the

---

[1] The ███████████ are governed by Washington and California law. However, with respect to the issues raised by this Motion, there is no conflict between the laws of Washington, California, and Texas. Accordingly, no choice-of-law analysis is necessary and Texas law shall apply. *See Schneider Nat'l Transp. v. Ford Motor Co.*, 280 F.3d 532, 536 (5th Cir. 2002) ("If the laws of the states do not conflict, then no choice-of-law analysis is necessary.").

pleadings." *Victory Med. Ctr. Beaumont, L.P. v. Conn. Gen. Life Ins. Co.*, No. 1:17-CV-48, 2018 WL 3467915, at *4 (E.D. Tex. July 17, 2018) (quoting another source); *Nunez v. Simms*, 341 F.3d 385, 387 (5th Cir. 2003) (affirming district court's judgment on the pleadings based on a successful affirmative defense). The pleading standard for a Rule 12(c) motion is the same as for a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). Thus, as with a motion to dismiss under Rule 12(b)(6), "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001).

Courts have allowed defensive declaratory judgment claims where doing so "will resolve a major issue in the parties' licensing dispute." *HTC Corp. v. Telefonaktiebolaget LM Ericsson*, 407 F. Supp. 3d 631, 635 (E.D. Tex. 2019), aff'd, 12 F.4th 476 (5th Cir. 2021) (citing *Harris v. U.S. Fid. & Guar. Co.*, 569 F.2d 850, 852 (5th Cir. 1978)). Courts will grant judgment as a matter of law on a contractual declaratory judgment claim when the unambiguous language of the agreement, applied to the facts set forth in the pleading, support the relief requested. *See, e.g.*, *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. McMurray*, No. 4:06-CV-545-Y, 2008 WL 11422710, at *2 (N.D. Tex. Sept. 29, 2008), aff'd sub nom., 342 F. App'x 956 (5th Cir. 2009) (holding that party established its right to judgment as a matter of law on its declaratory judgment claim based on agreement's unambiguous language).

## II.    FACTUAL BACKGROUND

### A.    The ███████████ resulted from prior suits in this District.

In late 2015, Iris Connex, LLC ("Iris Connex") sued Dell, Inc. ("Dell"), Apple Inc. ("Apple"), Microsoft Corporation ("Microsoft"), and others in this Court (Case Nos. 15-cv-1915, -1918, and -1922), asserting patents not at issue in this case. The Court found the case to be exceptional, awarded Dell fees to be paid jointly by Iris Connex and its founder Brian

███████████████████████████████████

Yates, and sanctioned Yates personally. *See Iris Connex, LLC v. Dell, Inc.*, 235 F. Supp. 3d 826, 863 (E.D. Tex. 2017).

Shortly before that determination, Yates, Iris Connex, and their affiliates ████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████

██    ████████████████

████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████

██    ██████████████

████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

[REDACTED]

**B.    The Asserted Patents were owned by Yates companies.**

On March 30, 2017, Radix Holdings, LLC ("Radix") assigned the Asserted Patents—U.S. Patent No. 8,234,705 (the "'705 Patent") and U.S. Patent No. 9,516,048 (the "'048 Patent") (collectively, the "Asserted Patents")—to Spectrum Patents, Inc. ("Spectrum"). (Answer ¶¶ 22, 43–44; Dkt. 88-2, Dkt. 88-3 (USPTO assignment records).)

---

[2] K.Mizra has admitted that [REDACTED] This Motion does not rely on K.Mizra's admission, and it need not be considered to rule on this Motion. However, K.Mizra's admission demonstrates that any attempt by K.Mizra to amend its Complaint on this point would be futile and contrary to its prior admissions. *See Terry Black's Barbecue, LLC v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 460 (5th Cir. 2022) (holding that amendment would be futile because the court could "perceive no set of facts in which [plaintiff] states a covered claim" under the operative agreement).

[3] Defendants expect that discovery will reveal that [REDACTED]

███████████████████████████████

Spectrum, a Yates company, then assigned the Asserted Patents to another Yates entity—Network Security Technologies, LLC ("Network")—on September 22, 2017. (Answer ¶¶ 23, 45–46; *see also* Dkt. 88-4, Dkt. 88-5 (USPTO assignment records).) Network, in turn, assigned the Asserted Patents to K.Mizra on December 24, 2019. (Answer ¶¶ 47–48; *see also* Dkt. 88-6, Dkt. 88-7 (USPTO assignment records).)

### C. K.Mizra's infringement allegations depend on the use of Microsoft and Apple products.

In its Complaint, K.Mizra accuses Defendants' ClearPass Policy Manager, ClearPass OnGuard and equipment, including HPE Aruba Appliances (*e.g.*, the C1000, C2010, and C3010), and software, including virtual appliances (collectively, the "Accused Instrumentalities") of infringing the Asserted Patents. (Compl. (Dkt. 1) ¶¶ 1–2.) The Complaint alleges two infringement theories: one based on the use of Apple products and another based on use of Microsoft products. Specifically, Plaintiff alleges infringement of at least two claim elements of the Asserted Patents based on the Accused Instrumentalities' purported use of Windows (a Microsoft Product) on the one hand and macOS (an Apple Product) on the other. (*Id.* ¶¶ 45–46, 48–49; 64; 66.) K.Mizra alleges infringement of a third claim element of the Asserted Patents based on a requirement of Microsoft product, Windows 10. (*Id.* at ¶¶ 39–42; 60.) K.Mizra expanded upon its infringement theories in its Infringement Contentions,[4] which are attached to Defendants' counterclaims. (Answer ¶¶ 167, 176, 178, 181; *see also* K.Mizra's Initial Infringement Contentions (Dkt. 88-8) ("Initial Infringement

---

[4] In the past week, counsel for K.Mizra indicated that it would be willing to withdraw its Apple-based infringement contentions. To narrow the issues before this Court, Defendants responded by sending K.Mizra ████████████████████████ K.Mizra rejected the proposed covenants and made them subject to reservations of rights, which would preserve infringement claims barred by ████████ ████████████████ As a result, Defendants are forced to bring this Motion.

███████████████████████████████████████████

Contentions") at Ex. A, p. 1).

**D.    Defendants bring this Motion following K.Mizra's belated production of the** ████████████████████████████

In March 2023, nearly 19 months after this lawsuit began, K.Mizra produced the ███████████████████. (Answer ¶ 10.) On May 15, 2023, Defendants amended their affirmative defenses and counterclaims, adding breach-of-contract and declaratory judgment counterclaims based on the ████████████████. (Dkt. 69.)

On June 20, 2023, K.Mizra produced the ████████████████. (Answer ¶ 29.) On June 28, 2023, Defendants further amended their affirmative defenses and counterclaims, adding breach-of-contract and declaratory judgment counterclaims based on the ████████████ (Dkt. 88.) Relevant here, Defendants' Seventh Counterclaim seeks a judgment declaring that 1) ███████████████████████████████████████████████████████████████████████ and 2) ███████████████████████████████████████████████████████████████████████████████████████████████ Defendants' Ninth Counterclaim seeks a judgment declaring that 1) ███████████████████████████████████████████████████, and 2) K.Mizra is barred from bringing any claims for infringement of the Asserted Patents with respect to an ████████████ (*Id.* at 76.)

## III.    ARGUMENT

**A.    The** ████████████ **bars K.Mizra's Apple-based claims in their entirety.**

As discussed below, ███████████████████████████████. As third-party beneficiaries, Defendants are entitled to enforce the ████████████. ████████████ provides



a complete defense to K.Mizra's infringement theory based on ████████. *See U.S. Philips Corp. v. Int'l Trade Comm'n*, 424 F.3d 1179, 1189 (Fed. Cir. 2005) ("A nonexclusive patent license is simply a promise not to sue for infringement."); *see also DeForest Radio Telephone Co. v. United States*, 273 U.S. 236, 242 (1927) (holding that a license provides "a complete defense against a suit for infringement").

1.    **The Asserted Patents are subject to** ████████

2.    **Defendants are third-party beneficiaries entitled to enforce the** ███

---

[5] Although K.Mizra does not admit what the PTO records show (Answer ¶¶ 43–46, 49–52, 99–102), the Court may take judicial notice of the Asserted Patents' assignment records. *See Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (stating that "matters of public record" are "clearly proper" to take judicial notice of); *Jefferson St. Holdings Intell. Prop. LLC v. Tech 21 UK Ltd.*, No. 5:18-CV-806-DAE, 2019 WL 5795667, at *1 n.4 (W.D. Tex. June 10, 2019) ("[T]he Court takes judicial notice of this recordation with the PTO, as a matter of public record."). A USPTO recorded assignment is presumptively valid. *See SiRF v. Int'l Trade Comm'n*, 601 F.3d 1319, 1327–28 (Fed. Cir. 2010).



██████████[6] Thus, the ████████████ expressly manifests the parties' intention to grant Apple users third-party beneficiary status to enforce ████████████████. That intention is controlling. *See MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 651 (Tex. 1999) (citations omitted) ("In determining whether a third party can enforce a contract [in Texas], the intention of the contracting parties is controlling.").

Defendants are users of Apple products and are therefore third-party beneficiaries entitled to enforce ████████████. The Complaint alleges infringement based on the Accused Instrumentalities' purported use of macOS (an Apple Product). (Compl. ¶¶ 45–46, 48–49.) And in its Answer, K.Mizra tacitly admits that Defendants are Apple users by conceding that "its Initial Infringement Contentions identified Mac OS." (Answer ¶ 176). These are judicial admissions that Defendants are Apple "users," and therefore third-party beneficiaries under the ████████████. *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983) ("[F]actual assertions in pleadings and pretrial orders are considered to be judicial admissions conclusively binding on the party who made them."). Consequently, Defendants are entitled to enforce the ████████████.

      **3.    The ████████████ bars K.Mizra's infringement claims on two bases.**

          **a.    The ████████████ bars K.Mizra from asserting the Asserted Patents with respect to Apple products.**

Under ████████████████████████████████

---

[6] All emphases contained in this brief are added unless otherwise stated.



In violation of that covenant, K.Mizra alleges in its Complaint that Defendants infringe based in part on Apple products, specifically macOS. (Compl. ¶¶ 45–46, 48–49.) Further, K.Mizra's Infringement Contentions identify a host of Apple products to satisfy certain requirements of the Asserted Claims:

> K.Mizra admits its Initial Infringement Contentions identified **Mac OS** stating "The Secure Enclave is a hardware feature that is supported by multiple versions of Mac, including: **MacBook Pro computers** with Touch Bar (2016 and 2017) that contain **Apple T1 Chip; Intel-based Mac computers** that contain the **Apple T2 Security Chip**; and **Intel-based Mac computers** that contain the **Apple T2 Security Chip**" with respect to its allegations of infringement of the '705 Patent against HPE and Aruba. K.Mizra denies the remaining allegations of Paragraph 176 of the Second Amended Counterclaims, if any.

(Answer ¶ 176.) ███████████████████████████████████.

Therefore, the ████████████ bars K.Mizra's Apple-based infringement claim.

> **b.    The ██████████████ bars K.Mizra from satisfying any claim element of the Asserted Patents with an Apple product.**

Here, again, K.Mizra has violated the covenant. As discussed above, K.Mizra repeatedly relies on ████████████ like macOS to satisfy claim elements. (*See* Compl. ¶¶ 45–

██████████████████████████████████████████████████

46, 48–49; Initial Infringement Contentions at Ex. A, p. 12; *id.* at Ex. B, p. 1; Answer ¶¶ 176–178.) For this separate reason, ████████████████ bars K.Mizra's claim for infringement.

**B.    ████████████████████ bar K.Mizra's pre-November 11, 2021 Microsoft-based claims.**

The Asserted Patents also fall squarely within ████████████████. As discussed, the ████████████████████████████████████████████████

██████████████████████████████████████████████████

Regardless of which covenant applies, K.Mizra is barred, at a minimum, from asserting infringement or seeking damages before November 11, 2021.

**1.    The Asserted Patents are subject to ████████████████**

████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████████████

---

[7] Defendants are investigating whether the Asserted Patents were under due diligence by Spectrum on or before November 11, 2016, which would make them Covenanted Patents rather than Other Patents. (*See supra* note 3; *see also, e.g.*, Defs.' Mot. for a Letter of Req. (Dkt. 74).) Regardless, under either covenant, K.Mizra cannot allege infringement or seek damages that accrued before November 11, 2021 for claims subject to the ████████████████.

███████████████████████████████

█████████████████████████████████████████████

███ ██████ ██ ███ ████████ ███████ ██████ ██████ ██████ ██████

██████████████████████

      **2.**      **Defendants are third-party beneficiaries entitled to enforce the ████████████.**

████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████ Thus, the

████████████████████ grants ██████████ users and customers certain benefits as third-party

beneficiaries, including the right to enforce the ████████████.

████████████████████████████████████████

███████████████████████████. The Complaint alleges infringement based

on Defendants' use of Windows, a ██████████████. (Compl. ¶¶ 40–42 (referencing TPM

2.0 Compliance for Windows 10), 45–46, 48–49.) Likewise, K.Mizra's Infringement

Contentions, which are attached to Defendants' counterclaims, "depend upon the use of

Microsoft products in conjunction with the accused instrumentalities to satisfy as least one

limitation of every asserted claim." (Hague Order at 3; *see also, e.g.*, Initial Infringement

Contentions at Ex. A, p.5.) K.Mizra therefore admits that Defendants are Microsoft "end

users," establishing Defendants as third-party beneficiaries under the terms of the ████████

██████████ *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001) ("A

judicial admission is a formal concession in the pleadings or stipulations by a party or counsel

11

that is binding on the party making them."). Defendants are therefore entitled to enforce the

**3.**





K.Mizra

may not claim infringement of the asserted patents based on a

12

██████████████████████████████████████████████

███████████████████████████████████████

This lawsuit, however, was filed on **August 9, 2021**, and K.Mizra seeks past damages accruing within the ████████████████████████ (Answer ¶¶ 179–180.) And K.Mizra asserts that Defendants' alleged infringement is based on Microsoft Windows functionality in its Complaint. (Compl. ¶¶ 39–42, 45–46, 48–49.) Windows is widely recognized as a Microsoft product. *See, e.g.*, *Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437, 445 (2007) ("Windows is designed, authored, and tested at Microsoft's Redmond, Washington, headquarters. Microsoft sells Windows to end users and computer manufacturers, both foreign and domestic."). Windows is therefore a "Microsoft Product" under the ██████████████████████ ███████████████████████████ K.Mizra's Infringement Contentions are also directed to Microsoft Products, so much so that this Court recognized the contentions "depend upon the use of Microsoft products." (*See* Hague Order at 3; *see also, e.g.*, Initial Infringement Contentions at Ex. A, p.5.)

By filing the lawsuit and seeking damages within ████████████████████████ K.Mizra violated either the ███████████████████

**b.** ████████████████████████████████████████
████████████████████████████████████████
██████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
███████████

13

14

████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████, at a minimum, K.Mizra cannot seek damages prior to November 11, 2021 in this suit. Nonetheless, that is the relief K.Mizra seeks here. (*See* Compl. ¶¶ 3, 53, 68; *id.* at Prayer ¶¶ B, D; Answer ¶¶ 179–180.) This is yet another violation of the ████████████████; K.Mizra cannot recover pre-November 11, 2021 damages in this action.

## IV.    CONCLUSION

Defendants respectfully ask the Court to grant their Motion. Specifically, with respect to Apple products, Defendants request that the Court enter a judgment: 1) declaring that Defendants were granted a covenant not to sue for infringement of the Asserted Patents with respect to Apple products; 2) declaring that K.Mizra is barred from bringing any claims for infringement of the Asserted Patents with respect to Apple products; and 3) dismissing with prejudice K.Mizra's claims for infringement of the Asserted Patents directed to Apple products under the affirmative defense of license. And with respect to Microsoft products, Defendants request a judgment: 1) declaring that Defendants were granted a covenant not to sue for infringement of the Asserted Patents in connection with Microsoft products; 2) declaring that K.Mizra is barred from recovering alleged damages that accrued before November 11, 2021 in its claim for infringement of the Asserted Patents in connection with Microsoft products; and 3) dismissing with prejudice K.Mizra's claims for damages accrued before November 11, 2021 premised on infringement of the Asserted Patents directed to Microsoft products under the affirmative defense of license.

Dated: July 31, 2023

Respectfully submitted,

*/s/ Joshua R. Thane*
Joshua R. Thane
Texas Bar No. 24060713
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Tel: (903) 255-1000
jthane@haltomdoan.com

Manish K. Mehta (*pro hac vice*)
Kal K. Shah
Cristina Q. Almendarez
BENESCH FRIEDLANDER COPLAN &
ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606 4637
Tel: (312) 212-4949
mmehta@beneschlaw.com
kshah@beneschlaw.com
calmendarez@beneschlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies all counsel of record are being served with a copy of this document via email on this the 31st day of July 2023.

*/s/ Joshua R. Thane*
Joshua R. Thane