IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| K.MIZRA LLC,<br><br>  Plaintiff / Counterclaim Defendant,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY and ARUBA NETWORKS, LLC,<br><br>  Defendants / Counterclaim Plaintiffs. | Civil Action No.: 2:21-cv-00305-JRG<br><br>**Jury Trial Demanded** |

**PLAINTIFF K.MIZRA LLC'S MOTION TO COMPEL
FINANCIAL-RELATED DOCUMENTS AND INFORMATION**

In this patent infringement case, the Discovery Order requires "[w]ithout awaiting a discovery request, each party will make the following disclosures to every other party: . . . (b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action." (ECF No. 52 at 2-3.) This matter involves two patents owned by Plaintiff K.Mizra LLC ("K.Mizra") and certain Accused Instrumentalities including the "ClearPass Policy Manager," "ClearPass OnGuard" and equipment, including HPE Aruba Appliances sold or licensed by Defendants Hewlett Packard Enterprise Company and Aruba Networks LLC (collectively, "Defendants"). K.Mizra's claims of patent infringement—and, more specifically, K.Mizra's claims to patent infringement *damages*—is central to this case and clearly relevant. *See e.g. Kinetic Concepts, Inc. v. Wake Forest Univ. Health Scis.*, Nos. SA-11-CV-163-XR & SA-11-CV-713, 2014 U.S. Dist. LEXIS 62040, at *8 (W.D. Tex. May 5, 2015). Despite this, much critical damages-related information sought by K.Mizra has been withheld by

Defendants. K.Mizra thus moves to compel Defendants, under Fed. R. Civ. P. 37 and Local Rule CV-7, to produce sought financial data, including sales, profits, costs, and future projections related to the Accused Instrumentalities and for each of the components thereof. The sought information is highly relevant, it is not unduly burdensome for Defendants to produce, and Defendants cannot show otherwise.

## I. BACKGROUND

Defendants were obligated to substantially complete their document production by September 26, 2023, being "expected to make good faith efforts to produce all required documents as soon as they [were] available and not wait until the substantial completion deadline." (ECF No. 86 at 4.) K.Mizra identified specific categories of documents it expected to receive under this deadline in a letter to Defendants dated March 4, 2023. Many of those documents were not produced by that date and have not been produced even as of today.

Despite the passage of *seven months*, Defendants have continually produced only a few relevant financial documents, with even those few likely only being produced in an attempt to stave off a motion to compel. During an early meet-and-confer, Defendants asked K.Mizra to further narrow its document categories so that they could prioritize their piecemeal, rolling productions. Although K.Mizra requested the timely production of *all* responsive documents, K.Mizra obliged Defendants and identified seven prioritized categories of the original twenty-seven categories of documents on May 22, 2023. All seven prioritized categories were related to patent infringement damages.

K.Mizra sent follow-up letters in June and September, again imploring Defendants to produce needed financial documents. Defendants repeatedly assured K.Mizra that these documents would be produced on a rolling basis well in advance of the September 26 substantial completion

deadline. (*See* Ex. A at 1.) Despite these numerous pleas, Defendants failed to produce responsive documents, meaning K.Mizra still cannot adequately evaluate its damages positions. As expert discovery is rapidly approaching, K.Mizra cannot continue to wait for Defendants to produce the long-promised financial documents.

The parties are now at an impasse requiring the Court's intervention.

## II.    LEGAL STANDARDS

The Court requires each party to "produce or permit the inspection of all documents . . . in the possession, custody, or control . . . **that are relevant to the pleaded claims and defenses involved in this action**." (ECF No. 52 at 3) (emphasis added). Local Rule 26(d) provides five observations in evaluating whether information is "relevant to any party's claim or defense." For purposes of this motion, the three relevant observations include "(3) it is information that is likely to have an influence on or affect the outcome of a claim or defense; (4) it is information that deserves to be considered in the preparation, evaluation, or trial of a claim or defense; and (5) it is information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate, or try a claim or defense." Local Rule 26(d)(3–5). In the context of a patent infringement case, damages discovery is undoubtedly relevant. *See, e.g.,* 35 U.S.C. § 284 (owner of infringed patent shall be awarded damages adequate to compensate for the infringement).

When a party fails to comply with its discovery obligations, Fed. R. Civ. P. 37(a)(1) permits one to "move for an order compelling disclosure or discovery." Indeed, a requesting party may move to compel disclosure of any relevant, discoverable, material. *Edward D. Ioli Tr. v. Aviglon Corp.*, No. 2:10-cv-605-JRG, 2012 U.S. Dist. LEXIS 164425, at *3 (E.D. Tex. Nov. 16, 2012). Once sought materials are shown to be relevant, "the burden shifts to the party resisting discovery to demonstrate why the discovery is irrelevant, overly broad, or unduly burdensome or

oppressive." *Id.* at *4. "Relevance" is construed broadly and encompasses "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *TravelPass Grp., LLC v. Caesars Entm't Corp.*, No. 5:18-cv-153-RWS-CMC, 2021 U.S. Dist. LEXIS 169581, at *24 (E.D. Tex. May 11, 2021) (citations omitted). Sales, profits, costs, and future projections concerning the Accused Products are clearly relevant in this instance. *See e.g.*, *Georgia-Pacific v. U.S. Plywood Corp.,* 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

### III.   K.MIZRA'S SPECIFIC DISCOVERY REQUESTS AND RELIEF SOUGHT

Defendants were obligated to produce sales, revenues, costs, and profit information for the Accused Instrumentalities and their components in accordance with the Discovery Order. (*See* ECF No. 52, ¶¶ 3(b–c)). K.Mizra emphasized its entitlement to financial documents—specifically, document categories 15-19—through several letters to Defendants.

Document Category 15 sought "[d]ocuments sufficient to demonstrate Defendants' sales (in units and dollars) of the Accused Instrumentalities . . . ." (Ex. A at 2.) Category 16 sought "[d]ocuments sufficient to demonstrate Defendants' profits from sales of the Accused Instrumentalities." (*Id.* at 3.) Similarly, Category 17 sought "[d]ocuments relating to the relative value, cost, and profit of each component within the Accused Instrumentalities." (*Id.* at 3.) Document Category 18 sought " [l]icenses or agreements containing a license, convent not to sue, settlement, or release to any patent relating to the Patents-in-Suit, the Accused Instrumentalities, network security technology, and related information." (*Id.* at 3.) Finally, Category 19 asks Defendants to produce "[b]usiness plans, forecasts, projected sales, profit projections, budgets, and/or reports or analyses relating to expected or projected sales of the Accused Instrumentalities." (*See* Ex. B at 1.) This includes but is not limited to such information as it may relate to any consulting, project management, engineering, design, and/or services that Defendants provide to

customers of the Accused Instrumentalities." Each of these categories is highly relevant to K.Mizra's damages claim.

Although Defendants originally claimed that the requested information was not relevant or proportional to the needs of the case, K.Mizra timely provided Defendants with authority proving otherwise. *See Indacon, Inc. v. Facebook, Inc.* No. SA-10-CA-966-OLG, 2012 WL 12538968, at *6 (W.D. Tex. Feb. 14, 2012). K.Mizra also explained that its document requests and categories were narrowly tailored, noting that Defendants could not credibly argue that producing *their own financial data* is unduly burdensome. Defendants are sophisticated, publicly traded companies. They are subject to significant and complex public reporting obligations. Producing the information sought here should be reasonably accessible, if not downright easy to collect, for Defendants.

K.Mizra expects that what really is happening here is that Defendants combine data for various business units and have been unwilling to provide any information unless it only relates to the specific Accused Instrumentalities, and nothing else. For instance, K.Mizra seeks projections of future sales relating to the Accused Instrumentalities. Defendants confirmed on August 14 that they were investigating this Category and would produce relevant, responsive documents. Reversing course on September 19, Defendants stated they had "not located any non-privileged, non-email documents within the possession custody, or control responsive to this Request to date." The position was immediately suspect, as Defendants' SEC filings and disclosures on their website provide forecasts by business segments. When asked about this discrepancy, Defendants confirmed that the noted projections were not "specifically related to the **Accused Products**" and that, although the projections for the Accused Instrumentalities were incorporated therein, the projection documents for the software business were not being produced. (*See* Ex. B at 1–2.)

To date, Defendants have produced a handful of spreadsheets related to "bookings" of Accused Instrumentalities. But bookings reflect anticipated sales only and simply do not show or lead to calculations of total actual sales, margins, profits, revenues, or costs realized or incurred by Defendants and attributed to U.S. sales of the Accused Instrumentalities. Defendants have ignored K.Mizra's complaints and refused to produce the requested highly-relevant, discoverable information and data.

K.Mizra's September 27, 2023 letter outlined Defendants' deficiencies and noted that "Defendants had promised multiple times that they would produce responsive and relevant documents well before [the substantial completion] deadline," that "several Categories remain woefully deficient or not responded to in their entirety," and that a motion to compel was in the offing. (Ex. A at 1.) Defendants responded, and a phone meeting occurred on October 6, 2023, during which the parties discussed needed financial documents in detail and the need for this Motion.

K.Mizra respectfully requests that the Court grant this Motion and compel Defendants to produce financial documents and information, including documents and information directed to Defendants' sales, revenue, margins, profits, costs, and future projections for the Accused Instrumentalities, including any available audited financial documents related to the Accused Instrumentalities.

Dated: October 27, 2023

Respectfully submitted,

By: /s/ Bart A. Starr
  Claire Abernathy Henry
  Texas Bar No. 24053063
  Andrea Leigh Fair
  Texas Bar No. 24078488
  Charles Everingham IV
  Texas Bar No. 00787447
  Ward, Smith & Hill, PLLC
  1507 Bill Owens Parkway
  Longview, TX 75604
  Telephone: (903) 757-6400
  Email: claire@wsfirm.com
      andrea@wsfirm.com
      ce@wsfirm.com

  Robert R. Brunelli (Lead Counsel)
  CO State Bar No. 20070
    rbrunelli@sheridanross.com
  Paul Sung Cha*
  CO State Bar No. 34811
    pscha@sheridanross.com
  Bart A. Starr
  CO State Bar No. 50446
    bstarr@sheridanross.com
  Angela J. Bubis*
  CO State Bar No. 58144
    abubis@sheridanross.com
  Briana D. Long*
  CO State Bar No. 57914
    blong@sheridanross.com
  SHERIDAN ROSS P.C.
  1560 Broadway, Suite 1200
  Denver, Colorado 80202-5141
  Tel: (303) 863-9700
  E-mail: litigation@sheridanross.com

  *Admitted pro hac vice
  Attorneys for Plaintiff K.Mizra LLC

7

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on October 27, 2023.

*/s/ Bart A. Starr*
Bart A. Starr
CO State Bar No. 50446
  bstarr@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202-5141
Tel: (303) 863-9700
E-mail: litigation@sheridanross.com

*Attorney for Plaintiff K.Mizra LLC*

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel has complied with the meet and confer requirement in Local Rule CV-7(h) and that this is an opposed motion. The parties exchanged several correspondences and met and conferred on October 6, 2023, October 13, 2023, and October 19, 2023, in an effort to resolve any disputes between the parties without Court intervention. The undersigned also certifies that the parties' discussions have ended in an impasse and leave an open issue for the Court to resolve.

*/s/ Bart A. Starr*
Bart A. Starr
CO State Bar No. 50446
  bstarr@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202-5141
Tel: (303) 863-9700
E-mail: litigation@sheridanross.com

*Attorney for Plaintiff K.Mizra LLC*
