**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

K.MIZRA LLC,

Plaintiff / Counterclaim Defendant,

v.

HEWLETT PACKARD ENTERPRISE COMPANY and ARUBA NETWORKS, LLC,

Defendants / Counterclaim Plaintiffs.

Civil Action No.: 2:21-cv-00305-JRG

**Jury Trial Demanded**

# PLAINTIFF K.MIZRA LLC'S MOTION TO STRIKE CERTAIN OPINIONS OF DOMINIC M. PERSECHINI

## TABLE OF CONTENTS


TABLE OF AUTHORITIES ..................... ii

I. INTRODUCTION ..................... 1

II. RELIANCE ON TECHNICAL EXPERT ISSUES ..................... 2

A. Factual Background ..................... 2

B. Argument ..................... 4

III. RELIANCE ON LATE PRODUCED DOCUMENTS ISSUES ..................... 6

A. Factual Background ..................... 6

B. Argument ..................... 6

IV. CONCLUSION ..................... 7

## TABLE OF AUTHORITIES

**Cases**

*Blitzsafe Tex., LLC v. Honda Motor Co.*,
Case No. 15-cv-1274-JRG-RSP,
2017 U.S. Dist. LEXIS 176613 (E.D. Tex. Jan. 11, 2017) ........ 5

*Daubert v. Merrel Dow Pharmaceuticals, Inc.*,
509 U.S. 579 (1993) ........ 1

*Elder v. Tanner*,
205 F.R.D. 1990 (E.D. Tex. 2001) ........ 5

*GPNE Corp. v. Apple, Inc.*,
Case No. 12-CV-02885-LHK,
2014 U.S. Dist. LEXIS 108686 (N.D. Cal. Aug. 6, 2014) ........ 5

*Lyondell Chem. Co. v. Albemarle Corp.*,
Nos. 1:01-CV-890; 1:02-CV-003; 1:03-CV-225,
2007 U.S. Dist. LEXIS 101640 (E.D. Tex. Feb. 26, 2007) ........ 4

*Maxell, Ltd. v. Apple Inc.*,
No. 5:19-CV-00036-RWS,
2020 WL 8269548 (E.D. Tex. Nov. 11, 2020) ........ 5

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*,
248 F. App'x 199 (Fed. Cir. 2007) ........ 5

**Rules**

Fed. R. Civ. P. 37 ........ 6

Fed. R. Evid. 702 ........ 4

[redacted]

## I. INTRODUCTION

Plaintiff K.Mizra LLC ("K.Mizra") asserts that Defendants Hewlett Packard Enterprise Company and Aruba Networks, LLC (collectively, "HPE") infringe claims 1–3, 5–7, 9–13 and 15–19 of U.S. Patent No. 8,234,705 and claims 1–5, 7–11 and 13–20 of U.S. Patent No. 9,516,048 (collectively, "the Asserted Patents") based upon unauthorized sales of the ClearPass Policy Manager ("CPPM"), among other devices ("Accused Instrumentalities"). (*See* ECF No. 101, First Amended Complaint.) K.Mizra will seek at trial a lump sum type of damage that has been calculated by K.Mizra's damages expert, Mr. Michael J. Pellegrino ("the Pellegrino Report"). [redacted] That report was based upon record evidence that existed as of the end of fact discovery, January 19, 2024. (*See* ECF No. 148.) HPE endorses the rebuttal expert report of Mr. Dominic M. Persechini ("the Persechini Rebuttal Report") in challenging opinions set forth in the Pellegrino Report.[1] K.Mizra moves pursuant to Fed. R. Evid. 702 and Fed. R. Civ. P. 26(a)(2)(B), the U.S. Supreme Court's decision in *Daubert v. Merrel Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Court's Discovery Order (ECF No. 52), and this Court's Third Amended Docket Control Order (ECF No. 148) to strike certain paragraphs in the Persechini Rebuttal Report, which is comprised of 334 total paragraphs.

Specifically, K.Mizra seeks to strike:

1. [redacted] The basis for this request is that they are either based upon technical opinions of Mr. Persechini, and he is unqualified to opine on technical issues. Alternatively, Mr. Persechini relies upon the opinions of HPE's technical

[1] Mr. Persechini wrote a separate expert report contemplating the damages allegedly owed to HPE if they are successful in proving their breach of contract defense(s). That opening report is not here at issue.

expert, Dr. Mark T. Jones, but those opinions do not appear in Dr. Jones' report. Under either scenario, these paragraphs in Mr. Persechini's report should be stricken.

2. . The basis for this request is that in these paragraphs Mr. Persechini relies upon documents produced by HPE after factual discovery closed and after the Pellegrino Report was filed.

## II. RELIANCE ON TECHNICAL EXPERT ISSUES

### A. Factual Background

Mr. Persechini's Rebuttal Report includes several technical opinions provided without reference to Dr. Jones or any other source aside from underlying technical documents. K.Mizra does not seek to exclude Mr. Persechini's reliance on Dr. Jones' technical opinions where those opinions appear in Dr. Jones' expert report. However, in several instances, Mr. Persechini provides technical opinions, either with no support from Dr. Jones or where the purported technical opinions from Dr. Jones do not appear in the Jones Report. Mr. Persechini is not a technical expert and so he cannot offer technical opinions without the proper support.



[redacted]

[redacted] Further, even if Mr. Persechini did rely upon the opinion of Dr. Jones, a fundamental problem facing Mr. Persechini is that the technical information and opinions he cites are not found in Dr. Jones' reports.

Mr. Persechini's report thus violates the disclosure and reliability requirements applicable to expert reports and opinions. It is impermissible for Mr. Persechini to express technical opinions that are outside the scope of his expertise, such opinions are solely within the purview of HPE's *technical* expert, Dr. Jones. Further, even if Mr. Persechini relied on Dr. Jones' opinions, it is impermissible for one expert (in this case, Mr. Persechini) to rely on opinions that a different expert (in this case, Dr. Jones) supposedly formed but did not include and disclose in his expert report. This problem pervades Mr. Persechini's opinions [redacted] and requires that these technical opinions be stricken as unreliable.

**B. Argument**

Under Fed. R. Civ. P. 26(a)(2)(B), an expert disclosure must contain a written report containing, *inter alia*, a "complete statement of opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them." This requirement was underscored by the Court's Discovery Order (ECF No. 52), which states that an expert must "provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26." Pursuant to this Court's Third Amended Docket Control Order (ECF No. 148), opening expert reports being due February 1, with rebuttal reports being due February 22, 2024.

The admissibility of expert testimony is also governed by Fed. R. Evid. 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

As explicitly stated in Fed. R. Evid. 702, an expert may only testify as to their "scientific, technical, or other specialized knowledge." *See Lyondell Chem. Co. v. Albemarle Corp.*, Nos. 1:01-CV-890; 1:02-CV-003; 1:03-CV-225, 2007 U.S. Dist. LEXIS 101640, at *16 (E.D. Tex. Feb. 26, 2007) ("'[D]istrict courts must be assured that the proffered witness is qualified to testify by virtue of his 'knowledge, skill, experience, training, or education.'" *Id.* at *10 (citations omitted). Mr. Persechini should not be permitted to opine on technical aspects of network security, requiring these opinions to be stricken (*See* Long Decl. Ex. C at 12:6–14 ("I want to be careful I'm not

offering any sort of technical opinions.").) "Under *Daubert* and Rule 702, expert opinion evidence must be . . . reliable." *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 248 F. App'x 199, 203 (Fed. Cir. 2007). Specifically, "[t]he reliability prong mandates that expert opinion be grounded in the methods and procedures of science and . . . be more than unsupported speculation or subjective belief." *Maxell, Ltd. v. Apple Inc.*, No. 5:19-CV-00036-RWS, 2020 WL 8269548, at *2 (E.D. Tex. Nov. 11, 2020) (internal quotation marks and citations omitted). In that respect, conclusory opinions "without any elaboration or reasoning" should be excluded as they "will not assist the trier of fact." *Elder v. Tanner*, 205 F.R.D. 1990, 193–194 (E.D. Tex. 2001).

Further, even if Mr. Persechini states that his opinions are based on those of Dr. Jones, "[i]t is not sufficient simply to list the resources [the expert] utilized and then state an ultimate opinion without some discussion of their thought process." *Id.* at 194. The burden is on the proponent of the expert testimony to prove by a preponderance of the evidence that the expert's testimony is reliable. *Blitzsafe Tex., LLC v. Honda Motor Co.*, Case No. 15-cv-1274-JRG-RSP, 2017 U.S. Dist. LEXIS 176613, at *23 (E.D. Tex. Jan. 11, 2017). While one expert can in some circumstances rely on the opinions of other experts, that reliance is only appropriate when the opinion being relied upon has been disclosed. *Blitzsafe*, 2017 U.S. Dist. LEXIS 176613 at *24 (emphasis added) ("[T]he critical issue is not that [one expert] relied on [another expert's] opinion, but rather that [the second expert] has not disclosed said opinions."); *see also GPNE Corp. v. Apple, Inc.*, Case No. 12-CV-02885-LHK, 2014 U.S. Dist. LEXIS 108686, at *23–24 (N.D. Cal. Aug. 6, 2014) ("[An expert] may not rely on [another expert's] undisclosed opinions."). It is thus appropriate to strike the testimony of Mr. Persechini that relies on, at best for HPE, the undisclosed opinions of Dr. Jones.

## III. RELIANCE ON LATE PRODUCED DOCUMENTS ISSUES

### A. Factual Background

After fact discovery closed, and after K.Mizra's experts had filed their opening reports, HPE produced thirty-seven new documents. Mr. Persechini listed twelve of these documents in the "materials considered" section of his report and referenced many of them as support for his opinions, [REDACTED] It is unclear, as HPE never provided justification for the late production and it is not contemplated in the Persechini Rebuttal Report why the new spreadsheets, [REDACTED] could not have been made available to K.Mizra by HPE before the end of fact discovery on January 19, 2024. Importantly, some of these documents, specifically new spreadsheets that should have been produced during fact discovery but were not, form the basis of his damage calculations, [REDACTED] that rebuts Mr. Pellegrino's damage calculations. More specifically, Mr. Persechini's opinions that rely on any Bates-numbered document produced after document HPE025508 should be stricken, as these documents were produced ***after*** fact discovery closed and ***after*** primary expert witnesses' reports were served. (*See* ECF No. 148.) It would be fundamentally unfair to allow HPE to use documents K.Mizra and its experts were not able to review before the deadline to serve its experts' reports, especially using these documents to rebut K.Mizra's experts' disclosures.

### B. Argument

Fed. R. Civ. P. 37(c)(1) states that "[i]f a party "fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Here,

HPE does not provide any justification as to why the twelve documents relied upon by Mr. Persechini were produced ***only days after*** K.Mizra's experts served their expert reports. Accordingly, these documents, the opinions relying on them and the tables integrating data disclosed in the spreadsheets included within this production should be struck.

## IV. CONCLUSION

K.Mizra requests the Court now strike [redacted], as these opinions are either based upon technical opinions of Mr. Persechini that he is unqualified to opine on or he relies upon the opinions of Dr. Mark T. Jones, but those opinions do not appear in Dr. Jones' report. K.Mizra also requests the Court strike [redacted] as these paragraphs rely upon documents produced by HPE after factual discovery closed and after the Pellegrino Report was served.

Dated: March 7, 2024

Respectfully submitted,

By: */s/ Briana D. Long*

Claire Abernathy Henry
Texas Bar No. 24053063
Andrea Leigh Fair
Texas Bar No. 24078488
Charles Everingham IV
Texas Bar No. 00787447
Ward, Smith & Hill, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Email: claire@wsfirm.com
andrea@wsfirm.com
ce@wsfirm.com

Robert R. Brunelli (Lead Counsel)
CO State Bar No. 20070
rbrunelli@sheridanross.com
Paul Sung Cha*
CO State Bar No. 34811
pscha@sheridanross.com

Bart A. Starr
CO State Bar No. 50446
bstarr@sheridanross.com
Angela J. Bubis*
CO State Bar No. 58144
abubis@sheridanross.com
Briana D. Long*
CO State Bar No. 57914
blong@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202-5141
Tel: (303) 863-9700
E-mail: litigation@sheridanross.com

**Admitted pro hac vice*
*Attorneys for Plaintiff K.Mizra LLC*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies all counsel of record are being served with a copy of this document via email on March 7, 2024.

*<u>/s/ Briana D. Long</u>*
Briana D. Long
CO State Bar No. 57914
blong@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202-5141
Tel: (303) 863-9700
E-mail: litigation@sheridanross.com

*Attorney for Plaintiff K.Mizra LLC*



[redacted]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| K.MIZRA LLC,<br><br>Plaintiff / Counterclaim Defendant,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY and ARUBA NETWORKS, LLC,<br><br>Defendants / Counterclaim Plaintiffs. | Civil Action No.: 2:21-cv-00305-JRG<br><br>**Jury Trial Demanded**<br><br>[redacted] |

**DECLARATION OF BRIANA D. LONG IN SUPPORT OF PLAINTIFF K.MIZRA LLC'S MOTION TO STRIKE CERTAIN OPINIONS OF DOMINIC M. PERSECHINI**

I, Briana D. Long, declare as follows:

1. I am over the age of 18. I have personal knowledge of the facts set forth below and, if called upon to do so, could and would competently testify thereto.

2. I am an attorney at Sheridan Ross P.C., and co-counsel for Plaintiff K.Mizra LLC ("K.Mizra"). I am familiar with the matters set forth in this Declaration, and make this Declaration in support of Plaintiff K.Mizra LLC's Motion to Strike Certain Opinions of Dominic M. Persechini, filed herewith.

3. [redacted]

4. [redacted]

[redacted]

5. [redacted]

6. [redacted]

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 7th day of March, 2024.

Dated: March 7, 2024

Respectfully submitted,

By: */s/ Briana D. Long*

Briana D. Long
CO State Bar No. 57914
blong@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202-5141
Tel: (303) 863-9700
E-mail: litigation@sheridanross.com

*Attorney for Plaintiff K.Mizra LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies all counsel of record are being served with a copy of this document via email on March 7, 2024.

*/s/ Briana D. Long*
Briana D. Long
CO State Bar No. 57914
blong@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202-5141
Tel: (303) 863-9700
E-mail: litigation@sheridanross.com

*Attorney for Plaintiff K.Mizra LLC*



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| K.MIZRA LLC,<br><br>Plaintiff / Counterclaim Defendant,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY and ARUBA NETWORKS, LLC,<br><br>Defendants / Counterclaim Plaintiffs. | Civil Action No.: 2:21-cv-00305-JRG<br><br>**Jury Trial Demanded**<br><br>[REDACTED] |

**ORDER GRANTING PLAINTIFF K.MIZRA LLC'S MOTION TO STRIKE CERTAIN OPINIONS OF DOMINIC M. PERSECHINI**

Before the Court is Plaintiff K.Mizra LLC's ("K.Mizra") Motion to Strike the Opinions of Dominic M. Persechini ("Motion"). The Court, having considered K.Mizra's Motion, HEREBY ORDERS that K.Mizra's Motion be GRANTED.

It is therefore ORDERED that the technical opinions in the February 22, 2024 Rebuttal Report of Dominic M. Persechini, namely [REDACTED], are stricken as outside of the scope of Mr. Persechini's qualifications.

It also is ORDERED that [REDACTED] are stricken under Fed. R. Civ. P. 37(c)(1) as they were produced after the fact-discovery deadline.