IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| K.MIZRA LLC, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:21-CV-00305-JRG |
| § | |
| HEWLETT PACKARD ENTERPRISE § | |
| COMPANY and ARUBA NETWORKS, § | |
| LLC, § | |
| § | |
| *Defendants*. § | |

# ORDER

Before the Court are three motions. The first is Plaintiff's Motion to Compel Additional Bookings Information (the "Motion to Compel"). (Dkt. No. 152.) The second is Defendants' Motion for Leave to Reopen Discovery (the "Motion for Leave to Reopen Discovery"). (Dkt. No. 178.) The third is Defendants' Motion to Strike Portions of the Expert Report of Dr. Cole (the "Motion to Strike"). The Court conducted a hearing on those Motions on March 18, 2024.

Having considered the briefing and the parties' arguments, the Court finds that Defendants' Motion to Strike should be and is **DENIED**.

Defendants have been on notice of Plaintiff's CPPM-only infringement theory since August 2023. (Dkt. No. 224 at 7.) Plaintiff served Dr. Cole's Expert Report containing the CPPM-only theory half a year later, in February 2023. Between August 2023 and February 2023, Defendants made no effort to clarify Plaintiff's infringement position or move to narrow the case. (*Id.* at 12-15.) On the other hand, the Court notes that Plaintiff never amended its infringement contentions as its theory of the case developed over fact discovery. Moreover, Plaintiff's expert Dr. Cole confusingly testified, contrary to his report, that the CPPM-only theory was not his

infringement theory. (Dkt. No. 180 at 9.) The Court finds that both parties bear some responsibility for this dispute and believes that its Order is a fair and equitable solution.

In light of the above, the Court finds that Plaintiff's Motion to Compel should be and is **GRANTED**.  It is further **ORDERED** that Defendants are given leave to re-depose Dr. Cole on the CPPM-only theory.

The Court finds that Defendants' Motion for Leave to Reopen Discovery is **GRANTED** for the limited purpose of re-deposing Mr. Yates on the emails that were produced on February 8, 2024.  In the Court's view, the belatedly produced emails clear the low threshold of relevance as to Defendants' defense that the Asserted Patents are subject to a covenant not to sue.  Therefore, Defendants should be afforded the opportunity to depose Mr. Yates on those emails.

Finally, to accommodate the additional depositions and discovery, the Court orders that the trial date for this case be **CONTINUED**.  The Court reschedules the trial date to July 8, 2024 at 9:00 AM and the Pretrial Conference to June 14, 2024 at 9:00 AM.  The Parties are ordered to jointly submit a proposed and revised Docket Control Order reflecting these new dates and resultant adjustments to the remaining deadlines therein, for the Court's consideration, within seven (7) business days.

**So ORDERED and SIGNED this 19th day of March, 2024**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE