UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| K.MIZRA LLC,<br><br>               Plaintiff,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE<br>COMPANY and ARUBA NETWORKS,<br>LLC,<br><br>               Defendants. | Civil Action No. 2:21-cv-305-JRG<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS

Defendants Hewlett Packard Enterprise Company and Aruba Networks, LLC (together, "HPE") file this Motion for Leave to Amend Invalidity Contentions and state as follows:

On February 1, 2024, Plaintiff's expert, Dr. Eric Cole, issued his Expert Report Regarding Infringement of U.S. Patent Nos. 8,234,705 and 9,516,048. In his infringement report, Dr. Cole offered for the first time new infringement theories, which Plaintiff had not previously charted or addressed in any of its infringement contentions. Specifically, Dr. Cole opined that ClearPass Policy Manager ("CPPM") by itself (without OnGuard) practices the patents-in-suit, identifying a feature called OnConnect. Prior to the disclosures in Dr. Cole's report, Plaintiff's infringement contentions only disclosed an infringement theory that CPPM in combination with a second software product, OnGuard, infringed the asserted claims, and Plaintiff had never mentioned or accused CPPM alone or CPPM with the OnConnect feature. Thus, HPE's noninfringement and invalidity defenses had always revolved around Plaintiff's P.R. 3-1 charted infringement theory—that CPPM in combination with OnGuard was accused of infringement. HPE moved to strike these new theories (Dkt. No. 180), which was briefed and heard by this Court on March 18, 2024.

On March 19, 2024, this Court entered its Order ("Order") (Dkt. No. 227) denying the motion to strike and moving the trial date several weeks in order to give the parties additional time to accommodate additional discovery.  On March 21, 2024, HPE served Plaintiff with the amended invalidity contentions that are the subject of this motion.  The next day HPE served a document production of materials cited in the amended invalidity contentions.  The parties met and conferred on March 29, 2024, and Plaintiff offered to drop the new OnConnect infringement theory if dropping that theory would resolve the issue raised by this motion.

Given this Court's Order, good cause exists to amend HPE's contentions.  Because the Court has ruled that Plaintiff can add its new CPPM-only, including its OnConnect theory to the case, HPE seeks to add the prior art product to the case because if the asserted patents are broad enough to encompass CPPM only, the patents will also read on the prior art product.  *See 01 Communique Lab., Inc. v. Citrix Sys., Inc.*, 889 F.3d 735, 742-43 (Fed. Cir. 2018).

Amendment or supplementation of "Invalidity Contentions … may be made only by order of the Court, which shall be entered only upon a showing of good cause."  P.R. 3-6(b).  The "good cause" standard requires a showing of diligence.  *See Alt v. Medtronic, Inc.*, No. 2:04-CV-370, 2006 WL 278868, at *2 (E.D. Tex. Feb. 1, 2006) (citation omitted).  Courts in this District routinely apply a four-factor test to determine whether good cause has been shown.  *Id*.  Those four factors are: (1) the explanation for the failure to meet the deadline; (2) potential prejudice in allowing the thing that would be excluded; (3) the importance of the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice.  *Id*.

*Diligence*: Immediately after receiving the Order, HPE diligently worked to search for additional prior art and formulate an invalidity defense in response to Plaintiff's newly-charted theories and disclose them to Plaintiff.  *See GREE, Inc. v. Supercell Oy*, No. 2:19-CV-00310-JRG-

RSP, 2021 WL 1626740, at *5 (E.D. Tex. Apr. 26, 2021) ("Supercell's untimeliness is ultimately a function of the fact that Clan Wars 2 was not part of the case <u>until GREE received leave from the Court to add it</u>.  Immediately after GREE's motions were granted, Supercell sought to meet and confer regarding its possible responsive supplements.") (emphasis added).  Like the defendant in *GREE*, HPE did not delay in serving supplemental contentions after the Court allowed Plaintiff to assert its new CPPM-only theory.  Specifically, on March 21, 2024—just two days after the Order—HPE's counsel notified Plaintiff's counsel of HPE's responsive invalidity theory and attached a copy of HPE's proposed amended invalidity charts.  *See* Ex. A, March 21, 2024 correspondence from Brent Yamashita, counsel for HPE, to counsel for Plaintiff.  A true and correct copy of HPE's amended invalidity contentions, which were served on Plaintiff on March 21, 2024, are attached as Exhibits B and C.  HPE also advised Plaintiff that, in view of the Order, it intended to seek leave to amend its Invalidity Contentions.  Ex. A.  On March 22, 2024, just three days after the Order, HPE served a document production of materials cited in the amended invalidity contentions.  *See* Ex. D, March 22, 2024 correspondence from Jodi R. Baker to counsel for Plaintiff.  Diligence here is measured from the date of the Court's Order on March 19.  *See GREE*, 2021 WL 1626740, at *5 (measuring diligence from the date the Court issued an order permitting Plaintiff's new infringement contentions); *see also* Ex. E, Memorandum Order (Dkt. No. 394) in *Chervon (HK) Limited et al v. One World Technologies, Inc. (et al)* in case No. 1:19-cv-01293-GBW (D.Del) (Diligence is not measured from the court-ordered deadlines for invalidity contentions, instead it "focuses on whether a party was diligent in response to an intervening event (here, the March 6 Order)").  HPE moved with extreme urgency—merely two days—to develop this supplemental invalidity defense based on Plaintiff's newly allowed infringement theories.  HPE's diligence supports permitting the supplementation.

<u>MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS</u> – Page 3

*Prejudice*: K.Mizra cannot rightfully claim prejudice by the addition of a single prior art product when it failed to properly disclose its CPPM-only and OnConnect infringement theories under P.R. 3-1. *See Alexsam, Inc. v. IDT Corp.*, No. 2:07-CV-420-CE, 2011 WL 108725, at *2 (E.D. Tex. Jan. 12, 2011) ("If the Court allows Plaintiff to amend its infringement contentions, Defendant would be severely prejudiced unless the Court also allows Defendant to amend its invalidity contentions."). Upon receiving the Order, HPE wasted no time supplementing its production and disclosures based on the new infringement theories, and HPE will also make a witness and Dr. Jones available for deposition to address the supplemental prior art and invalidity contentions. Any prejudice to K.Mizra is minimal, if any, and does not outweigh the prejudice to HPE if it is not allowed to supplement its invalidity contentions. *See GREE*, 2021 WL 1626740, at *5 (finding GREE would suffer some limited prejudice, but not granting relief to Supercell to respond to GREE's new infringement theory would also cause prejudice).

*Importance*: If K.Mizra is allowed to proceed to trial with an infringement theory that the patents-in-suit are broad enough to encompass CPPM by itself, then the HP ProCurve Secure Access 700wl Series Product, which had the same or similar functionality as Plaintiff's new theories with respect to features raised by Dr. Cole for the first time in his expert report, also reads on the patents-in-suit and is critical to HPE's invalidity defense. *See GREE*, 2021 WL 1626740, at *5 (finding it is very important that defendant be granted a reasonable means to defend against plaintiff's new infringement theory). Prior to the Order, under K.Mizra's P.R. 3-1 disclosed infringement theory, HPE had no reason to search for and chart prior art that did not require a combination of software, like CPPM and OnGuard. Thus, HPE's original invalidity contentions did not include such references. Without this supplementation, HPE will not have the ability to present critical prior art in response to K.Mizra's newly-charted CPPM-theory. "The

new prior art references are 'relevant and important to this matter' because they 'increas[e] the likelihood of invalidating the patent[ ]-in-suit based on obviousness and anticipation challenges.'" *Cathx Research Ltd. v. 2G Robotics, Inc.*, No. 5:21-CV-00077-RWS, 2022 WL 3656442, at *2 (E.D. Tex. June 30, 2022) (citing *Evicam Int'l, Inc. v. Enf't Video, LLC*, No. 4:16-CV-00105, 2016 WL 6600605, at *3 (E.D. Tex. Nov. 8, 2016). As such, this factor weighs in favor of allowing HPE to supplement its invalidity contentions.

      *Continuance*: The Court recently continued trial in this matter until July 8, 2024. Three months is more than sufficient time for K.Mizra to investigate and respond to HPE's supplemental invalidity theory. *See GREE*, 2021 WL 1626740, at *5 (the Court found that any prejudice from the supplemental invalidity contentions was cured given that plaintiff had "several months" before trial). If K.Mizra believes three months is not enough time, then HPE would not oppose another short delay of trial to allow K.Mizra the time it deems necessary to complete any discovery related to the supplemental prior art.

      For the foregoing reasons, HPE's actions were diligent and good cause exists to grant leave to amend its contentions. As such, HPE respectfully requests that the Court grant Defendants' Motion for Leave to Amend Invalidity Contentions.

                Respectfully submitted,

            By: */s/ Joshua R. Thane*
                Jennifer H. Doan
                Texas Bar No. 08809050
                Joshua R. Thane
                Texas Bar No. 24060713
                **HALTOM & DOAN**
                6500 Summerhill Road, Suite 100
                Texarkana, TX 75503
                Telephone: (903) 255-1000
                jdoan@haltomdoan.com
                jthane@haltomdoan.com

Manish K. Mehta (*pro hac vice*)
Kal K. Shah
Cristina Q. Almendarez
Kate Watson Moss (*pro hac vice*)
Louis Constantinou (*pro hac vice*)
**BENESCH FRIEDLANDER COPLAN &
ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606-4637
Telephone: (312) 212-4949
mmehta@beneschlaw.com
kshah@beneschlaw.com
calmendarez@beneschlaw.com

Michael S. Weinstein (*pro hac vice*)
**BENESCH FRIEDLANDER COPLAN &
ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, OH 44114
Telephone: (216) 363-4500
mweinstein@beneschlaw.com

Ziyong Sean Li
**BENESCH FRIEDLANDER COPLAN &
ARONOFF LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
Telephone: (628) 600-2250
sli@beneschlaw.com

Sean C. Cunningham (*pro hac vice*)
Erin P. Gibson (*pro hac vice*)
Pete Maggiore (*pro hac vice*)
**DLA PIPER LLP (US)**
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
Sean.Cunningham@us.dlapiper.com
Erin.Gibson@us.dlapiper.com
Peter.maggiore@us.dlapiper.com

Brent K. Yamashita
Mary C. Dahl (*pro hac vice*)
**DLA PIPER LLP (US)**
3203 Hanover Street, Suite 100
Palo Alto, CA 94304
Telephone: (650) 833-2000
Facsimile: (650) 833-2001
Brent.Yamashita@us.dlapiper.com
mary.dahl@us.dlapiper.com

Helena D. Kiepura (*pro hac vice*)
**DLA PIPER LLP (US)**
500 Eighth Street, NW
Washington, DC 20004
Telephone: (202) 799-4000
Facsimile: (202) 799-5000
helena.kiepura@us.dlapiper.com

Tessa Duxbury (*pro hac vice*)
**DLA PIPER LLP (US)**
2000 Avenue of the Stars, Ste. 400, N. Tower
Los Angeles, CA 90067
Telephone: (310) 595-3487
Facsimile: (310) 595-3487
tessa.duxbury@us.dlapiper.com

**ATTORNEYS FOR DEFENDANTS
HEWLETT PACKARD ENTERPRISE
COMPANY AND ARUBA NETWORKS, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on March 29, 2024, a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a), and all counsel of record are being served with a copy of this document via the Court electronic filing system.

<u>*/s/ Joshua R. Thane*</u>
Joshua R. Thane

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule CV-7(h), the undersigned certifies counsel complied with the meet and confer requirement. On March 29, 2024, counsel for Defendants and Plaintiff met and conferred regarding this Motion.  Plaintiff is opposed to the relief requested.

<u>*/s/ Joshua R. Thane*</u>
Joshua R. Thane