UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| K.MIZRA LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY and ARUBA NETWORKS, LLC,<br><br>    Defendants. | Civil Action No. 2:21-cv-305-JRG<br><br>**JURY TRIAL DEMANDED** |

### JOINT NOTICE OF ADDITIONAL FACTS IN FURTHER SUPPORT OF MOTION TO CONTINUE TRIAL DATE

Plaintiff K.Mizra LLC ("K.Mizra") and Defendants Hewlett Packard Enterprise Company and Aruba Networks, LLC (collectively, "HPE," together with K.Mizra ("the Parties")) jointly file this notice of additional facts in support of the Motion to Continue Trial Date filed on May 10, 2024. Dkt. No. 297. In the Joint Motion to Continue Trial Date, the Parties alerted the Court to certain discovery and expert issues involving the deposition of Brian Yates and discovery regarding HPE's supplemental invalidity contentions that they believe warrant a continuance of the trial date until October 2024. Since filing that motion, additional discovery issues have arisen that the Parties believe further support a continuance of the trial, which are discussed below.

    **A. K.Mizra's Position**: Additional Discovery Needed into Potential Relevance of New ProCurve Prior Art to Damages

The Court granted Defendants' Motion for Leave to Amend Invalidity Contentions on April 22, 2024, allowing HPE to include a new obviousness combination centering on an alleged prior art product called HP ProCurve Secure Access 700wl Series ("ProCurve"). Dkt. No. 289. The Court also granted K.Mizra leave to take the deposition of Ken Taggard, a new fact witness with information regarding the ProCurve product, to serve a supplemental expert report of

K.Mizra's validity expert, Dr. Cole, and to supplement its summary judgement motion concerning issues of IPR estoppel with respect to the new prior art Procurve system. ECF No. 289.

The deposition of Mr. Taggard occurred on Tuesday, May 14, 2024. Mr. Taggard's deposition revealed, for the first time, that Hewlett Packard Inc. ("HP") acquired the ProCurve product from a third party, Vernier Networks,[1] under one or more revenue generating agreements that may have been later transferred to HPE.[2] *See* Ex. A, Taggard Deposition at 66:2–68:23. K.Mizra was not aware prior to Mr. Taggard's deposition (1) that the ProCurve prior art product was developed by a third party that K.Mizra believes may have relevant technical information regarding HPE's new invalidity theory; or (2) that HP and HPE entered into one or more licensing or other revenue generating agreements with Vernier for use of the ProCurve product ("ProCurve Agreements") that K.Mizra believes could be relevant to damages in this case. K.Mizra also believes that Mr. Taggard also disclosed critical information about the operation of Procurve.

*First*, the new technical information disclosed by Mr. Taggard requires that K.Mizra's technical expert, Dr. Cole, issue a new supplemental expert report on the obviousness issue and then he will need to be re-deposed. However, it makes little sense completing that report until information to be sought form Vernier is acquired.

*Second*, K.Mizra needs time to investigate whether Vernier or any of its successor companies, as the developer of the ProCurve product, has relevant technical information regarding ProCurve that could impact HPE's invalidity theory. Should Vernier have relevant information, K.Mizra will need to serve subpoenas on Vernier or its successors to obtain such information.

---

[1] Vernier appears to have later changed its name to Autonomic Networks. *See* https://www.networkworld.com/article/809284/lan-wan-what-is-vernier-networks-up-to.html.

[2] Further investigation is needed to determine whether, when, and how rights to the ProCurve product may have been transferred to HPE.

***Third,*** with respect to the ProCurve Agreements, because the ProCurve product is the primary reference in HPE's new obviousness combinations with respect to ***both*** patents-in-suit, it is K.Mizra's position that HPE at least must believe that ProCurve is technologically comparable to the inventions of the patents-in-suit. Accordingly, K.Mizra believes that the ProCurve Agreements may be relevant to damages in this case and should be produced. Additionally, K.Mizra believes that documents leading to and concerning operation of the ProCurve Agreements, royalty reports relating to any payments made under the ProCurve Agreements, and other documents that might shed light on the monetary value HP and/or HPE placed on the ProCurve product should be produced. Once these documents are produced, K.Mizra will likely want to take depositions of individuals with relevant knowledge of these agreements and payments made by HP and/or HPE under these agreements.

The Parties met and conferred on Monday, May 20, 2024, regarding K.Mizra's requests for additional documents and depositions related to the ProCurve Agreements. As of the filing of this Notice, no agreement has been reached regarding the relevance or scope of such discovery, but the Parties continue to meet and confer in good faith. Should the parties not be able to reach agreement, K.Mizra will file a motion to reopen discovery into the ProCurve Agreements. K.Mizra believes that it will be prejudiced if it is not allowed to take the discovery outlined above regarding the ProCurve Agreements. Given that pretrial and trial are quickly approaching, additional time is needed to allow the Parties to work through issues regarding such discovery, if necessary, for K.Mizra to file a motion or leave to reopen discovery, and for any such discovery to occur. Further, once discovery is obtained regarding the ProCurve Agreements, K.Mizra may seek to amend its damages expert report to account for the ProCurve Agreements.

There is not sufficient time left before pretrial and trial for this discovery to take place and

be incorporated, if necessary, into expert reports and pretrial disclosures. Accordingly, K.Mizra believes that that these additional reasons provide further good cause to continue the trial to October 2024.

### B. **HPE's Position**: Additional Difficulties in Securing Deposition of Brian Yates

As noted in the parties' joint motion on May 10, 2024, Mr. Yates refuses to appear voluntarily for his reopened deposition, with HPE having understood that Mr. Yates represented for nearly six weeks that he would do so. HPE obtained a second subpoena because Mr. Yates' counsel insisted the first subpoena had "expired" and a copycat second subpoena was necessary to proceed. As of the May 10 filing, Mr. Yates' counsel had not agreed to accept service on Mr. Yates' behalf and instead told HPE that he "may know more" later about whether he could accept service. HPE has now made multiple attempts at personal service on Mr. Yates but has been unable to serve him thus far because Mr. Yates lives in a gated community. HPE's process servers are unable to gain access.

Mr. Yates' counsel did not get back to HPE on Monday with further information about whether he would accept service of HPE's second subpoena. On Tuesday, May 14, 2024, HPE again inquired if Mr. Yates' counsel would be willing to accept service of the subpoena on Mr. Yates' behalf. Mr. Yates' counsel responded that HPE was "'putting the cart before the horse' by seeking to serve a subpoena before there is a Court Order [from the Central District of California where Mr. Yates resides] allowing HPE to reopen Mr. Yates' deposition." HPE believes this is another change in position from Mr. Yates' counsel, who previously indicated that Mr. Yates needed to be served with the second subpoena before HPE could seek the assistance of the district court in the Central District of California.

Mr. Yates' counsel also has insisted that HPE serve counsel with further correspondence

and engage in another meet and confer prior to filing any motion with the Central District of California.  Although HPE believes the parties have adequately met and conferred on the issue, HPE has agreed to send a letter to foreclose a further avenue of delay from Mr. Yates.  These delay tactics by Mr. Yates and his counsel are further good cause for continuing the trial to October 2024 as the parties are jointly requesting.

Dated: May 21, 2024

By: /s/ Claire Abernathy Henry
    Claire Abernathy Henry
    Texas Bar No. 24053063
    Andrea Leigh Fair
    Texas Bar No. 24078488
    Charles Everingham IV
    Texas Bar No. 00787447
    WARD, SMITH, & HILL, PLLC
    1507 Bill Owens Parkway
    Longview, TX 75604
    Telephone: (903) 757-6400
    Email: claire@wsfirm.com
          andrea@wsfirm.com
          ce@wsfirm.com

    Robert R. Brunelli (Lead Counsel)
    CO State Bar No. 20070
        rbrunelli@sheridanross.com
    Paul Sung Cha*
    CO State Bar No. 34811
        pscha@sheridanross.com
    Bart A. Starr
    CO State Bar No. 50446
        bstarr@sheridanross.com
    Angela J. Bubis*
    CO State Bar No. 58144
        abubis@sheridanross.com
    Briana D. Long*
    CO State Bar No. 57914
        blong@sheridanross.com
    SHERIDAN ROSS P.C.
    1560 Broadway, Suite 1200
    Denver, Colorado 80202-5141
    Tel: (303) 863-9700
    E-mail: litigation@sheridanross.com

*Admitted pro hac vice
*Attorneys for Plaintiff K.Mizra LLC*

By: /s/ Helena D. Kiepura with permission Claire Abernathy Henry
    Joshua R. Thane
    Texas Bar No. 24060713
    Jennifer H. Doan
    Texas Bar No. 08809050
    HALTOM & DOAN
    6500 Summerhill Road, Suite 100
    Texarkana, TX 75503
    Tel: (903) 255-1000
    jthane@haltomdoan.com
    jdoan@haltomdoan.com

    Manish K. Mehta (admitted *pro hac vice*)
    Kal K. Shah
    Cristina Q. Almendarez
    Kate Watson Moss (admitted *pro hac vice*)
    Louis Constantinou (admitted *pro hac vice*)
    BENESCH FRIEDLANDER COPLAN
    & ARONOFF LLP
    71 South Wacker Drive, Suite 1600
    Chicago, IL 60606 4637
    Tel: (312) 212-4949
    mmehta@beneschlaw.com
    kshah@beneschlaw.com
    calmendarez@beneschlaw.com
    kwatsonmoss@beneschlaw.com
    lconstantinou@beneschlaw.com

    Michael S. Weinstein
    (admitted *pro hac vice)*
    BENESCH FRIEDLANDER COPLAN &
    ARONOFF LLP
    127 Public Square, Suite 4900
    Cleveland, OH 44114
    Tel: (216) 363-4500
    mweinstein@beneschlaw.com\

    Ziyong Sean Li
    BENESCH FRIEDLANDER COPLAN
    & ARONOFF LLP
    100 Pine Street, Suite 3100
    San Francisco, CA 94111
    Tel: (628) 600-2250

sli@beneschlaw.com

Brent K. Yamashita
DLA PIPER LLP (US)
3203 Hanover Street, Suite 100
Palo Alto, CA 94304
Tel: (650) 833-2000
Fax: (650) 833-2001
brent.yamashita@us.dlapiper.com

Sean C. Cunningham (*pro hac vice* pending)
Erin P. Gibson (*pro hac vice* pending)
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, CA 92121
Tel: (858) 677-1400
Fax: (858) 677-1401
sean.cunningham@dlapiper.com
erin.gibson@dlapiper.com

Helena D. Kiepura (*pro hac vice* pending)
DLA PIPER LLP (US)
500 Eighth Street, NW
Washington, DC 20004
Tel: (202) 799-4333
Fax: (202) 799-5300
helena.kiepura@us.dlapiper.com

*Attorneys for Defendants*
*Hewlett Packard Enterprise Company and*
*Aruba Networks, LLC*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), the undersigned certifies counsel complied with the meet and confer requirement and that this notice is filed jointly.

/s/ *Claire Abernathy Henry*
Claire Abernathy Henry

1610072162.1

## CERTIFICATE OF SERVICE

    The undersigned certifies that a true and correct copy of the above and foregoing document has been served via the Court's ECF system on this the 21st day of May 2024.

                                              */s/ Claire Abernathy Henry*
                                              Claire Abernathy Henry