# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| K.MIZRA LLC, <br><br> Plaintiff / Counterclaim Defendant, <br><br> v. <br><br> HEWLETT PACKARD ENTERPRISE COMPANY and ARUBA NETWORKS, LLC, <br><br> Defendants / Counterclaim Plaintiffs. | Civil Action No.: 2:21-cv-00305-JRG <br><br> **Jury Trial Demanded** |

**PLAINTIFF K.MIZRA LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON OBVIOUSNESS BASED ON THE 700WL PRODUCT LITERATURE IN COMBINATION WITH OTHER KNOWN REFERENCES PURSUANT TO THE IPR ESTOPPEL DOCTRINE**

In this patent infringement suit, Plaintiff K.Mizra LLC ("K.Mizra") asserts that Defendants Hewlett Packard Enterprise Company and Aruba Networks, LLC (collectively, "HPE") infringe claims 12, 13, 16, and 19 of U.S. Patent No. 8,234,705 ("the '705 Patent") and claims 10, 11, 14, and 17 of U.S. Patent No. 9,516,048 ("the '048 Patent") ("the Asserted Claims"). During the case, HPE was a party to *Inter Partes* Review ("IPR") proceedings, one of which was instituted and failed. HPE then here asserted various prior art combinations that it could have brought in the IPRs, arguing that the Asserted Claims are invalid based on obviousness considering various prior art. K.Mizra subsequently moved this Court for summary judgment on all these obviousness defenses under the IPR estoppel doctrine (ECF No. 189) ("the Original Estoppel Motion"). Since the Original Estoppel Motion was filed, HPE elected not to pursue its originally asserted prior art combinations, rendering K.Mizra's Original Estoppel Motion moot, which has now been withdrawn. (ECF No. 308.)

HPE was recently granted leave to update its invalidity contentions to assert obviousness based on the HP ProCurve Secure Access 700wl Series ("the 700wl Product") and to serve a supplemental invalidity expert report of Dr. Mark T. Jones. (ECF No. 286.) That report sets forth two separate prior art combinations, based upon four references, that allegedly render obvious all Asserted Claims. These references are the 700wl Product (exclusively described by Dr. Jones using public product literature); U.S. Patent No. 7,571,460 ("Danforth"); U.S. Patent No. 7,533,407 ("Lewis"); and U.S. Patent Publication No. 2006/0005009 ("Ball"). The two art combinations are:

| Reference 1 | Reference 2 | Reference 3 |
|---|---|---|
| 700wl Product | Ball | Lewis |
| 700wl Product | Ball | Danforth |

(Declaration of Briana D. Long ("Long Decl."), Ex. A.)

K.Mizra was granted permission "to serve a motion supplementing its Motion for Partial Summary Judgment Regarding Estoppel of Defendants' Obviousness Defenses under 35 U.S.C. § 315 related to the newly disclosed HP 700wl prior art product." (ECF No. 289.) The following is that supplement and shows that the new 700wl Product literature-focused obviousness combinations elected by HPE should not be presented at trial under a proper application of the IPR estoppel doctrine.

## I.  STATEMENT OF ISSUES

HPE[1] petitioned for IPR of the '705 Patent, simultaneously moving to join in a similar IPR filed by Cisco Systems, Inc. ("the Cisco IPR"). Joinder occurred, and HPE then filed an IPR against the '048 Patent, citing the same art and arguments used in its '705 Patent IPR, noting that the '705 Patent and the '048 Patent are materially the same and that the '705 Patent IPR had been instituted. (*See* Long Decl., Ex. B at 7, *see id.*, at Ex. C at 1.) At least the '048 Patent IPR was supported by a declaration authored by Dr. Jones, HPE's technical expert here. (Long Decl., Ex. D.) The Patent Trial and Appeal Board ("PTAB") issued a final written decision holding no claims of the '705 Patent unpatentable (Long Decl., Ex. E), and one month later denied institution of the '048 Patent IPR on the same basis it had set forth in the final written decision (*see e.g.*, Long Decl., Ex. F at 22). Estoppel should now apply to preclude presentation at trial of HPE's sole remaining obviousness defenses, as the prior art relied upon by Dr. Jones are all printed publications that could have been found by a reasonable searcher exercising reasonable diligence and then presented

---

[1] Aruba Networks, LLC is and at all relevant times was a wholly owned subsidiary of Hewlett Packard Enterprise Company (ECF No. 110, ¶ 8) and is its privy under 35 U.S.C. § 315(e)(2), meaning that the statute's requirements apply equally to both Hewlett Packard Enterprise Company and Aruba Networks, LLC.

to the PTAB in HPE's IPR Petitions. K.Mizra thus here moves for summary judgment of HPE's 35 U.S.C. § 103 defenses/counterclaims (ECF No. 105, ¶¶ 194–201, 207–214) under 35 U.S.C. § 315(e) and relevant precedent.

## II.    STATEMENT OF UNDISPUTED MATERIAL FACTS

HPE challenged the '705 Patent in its IPR, stating that its "petition [was] essentially a copy of Cisco's petition," "includ[ing] the same grounds, same arguments, and same supporting evidence presented in Cisco's petition and would therefore create no additional burden for the Board, Cisco, or Patent Owner if HPE were joined." (Long Decl., Ex. G at 1.) Ultimately, the PTAB instituted the Cisco IPR and joined HPE as a petitioner. (Long Decl., Ex. B.) HPE also filed IPR 2022-00843, there requesting similar review of the '048 Patent, including as exhibits the '705 Patent (Exhibit 1019), its prosecution history (Exhibit 1020), and a chart comparing the Asserted Patents (Exhibit 1027). HPE also essentially incorporated its '705 Patent IPR into its '048 Patent IPR Petition, stating that the PTAB had "instituted an IPR against a patent closely related to the '048 patent," *i.e.* the '705 Patent, and that the '048 Patent IPR was "based on the same prior art combinations presented in [the '705 Patent IPR] petition." (Long Decl., Ex. C at 1.) HPE also stated "[t]he challenged claims [of the '048 Patent] are materially the same as the '705 patent's claims." (*Id.*)

The PTAB subsequently issued its final written decision holding no claims of the '705 Patent unpatentable. (Long Decl., Ex. E at 37.) The PTAB then denied institution of HPE's '048 Patent IPR Petition, stating that it was "closely related" to the '705 Patent IPR Petition, that the Petitions were based on and cited the same prior-art and that "the challenged claims [were] materially the same as [those found in] the '705 patent's claims." (Long Decl., Ex. F at 3.) The Board then offered that it had already "issued a Final Written Decision in [the '705 Patent] IPR,

3

finding no claims of the '705 patent unpatentable" and that the '048 Patent IPR was being denied institution for the same reasons. (*Id.* at 3, 21.)

Of the references now being relied upon by Dr. Jones to assert obviousness, Danforth, Lewis, and Ball were all provided to the PTAB in the '705 and '048 Patent IPRs. (Long Decl., Ex. H at 5, Ex. C at ii–iii.) Next and importantly, the 700wl Product is fully and only relevantly described in printed publications that were publicly available prior to the filing of HPE's IPR petitions *and* it is only those written publications upon which Dr. Jones relies in rendering his obviousness opinions. Dr. Jones never relies upon source code (or anything else for that matter) of the 700wl Product to reach his obviousness conclusions. The source code is not even referenced in a materials-considered section within Dr. Jones' first or second supplemental reports related to the 700wl Product. Additionally, despite Dr. Jones mentioning in both the first and second Supplemental Invalidity Reports that he virtually inspected a 700wl Product, information learned through the inspection, if any, was not relied upon by Dr. Jones in reaching his obviousness conclusions. Indeed, it was not even mentioned outside of noting the inspection was conducted virtually on April 1, 2024 (the same day his first supplemental report was submitted). Finally, the invalidity contentions included in Appendices N and O to the Jones report were never revised in any way since they were served on March 21, 2024 to rely upon any feature of the hardware that was not already captured by the noted printed publications.

### III.     HPE'S OBVIOUSNESS DEFENSES ARE ESTOPPED

35 U.S.C. § 315(e)(2) relevantly reads:

> The petitioner in an inter partes review of a claim in a patent under this chapter that results in a final written decision . . . may not assert . . . in a civil action . . . the claim is invalid on any ground that . . . reasonably could have raised during that inter partes review.

4

Both prongs of the IPR estoppel test are satisfied here, meaning partial summary judgment on the obviousness defense should be granted.

### A. The Final Written Decision Prong Is Here Met

The first estoppel requirement is met for both the '075 and the '048 Patents because a final written decision was issued by the PTAB for the '705 Patent, which the PTAB recognized is materially identical to the '048 Patent. *See Papst Licensing GMBH & Co. v. Samsung Elecs. Am., Inc.*, 924 F.3d 1243, 1252–53 (Fed. Cir. 2019) (holding that the final written decision by the PTAB related to one patent precluded arguments related to validity in another patent with a "materially identical" claim construction that was essential to the PTAB's ultimate determination in its final written decision); *Biscotti Inc. v. Microsoft Corp.*, No. 2:13-CV-01015-JRG-RSP, 2017 U.S. Dist. LEXIS 144164, at *22 (E.D. Tex. May 11, 2017) ("Section 315(e) estops [HPE] from asserting at trial: (1) grounds for which the PTAB instituted IPR and determined those grounds to be insufficient to establish unpatentability after a trial on the merits; (2) grounds included in a petition but determined by the PTAB to not establish a reasonable likelihood of unpatentability (in other words, administrative review on the merits of a ground); and (3) grounds not included in a petition that a "skilled searcher conducting a diligent search reasonably could have been expected to discover.").

As in *Papst*, the Court should hold that HPE is precluded from relitigating validity of either Asserted Patent based on grounds it could have raised in the IPRs. *Papst* and the present case are similar, with application of estoppel in this case being potentially more appropriate than in *Papst*, as: 1) HPE admitted at the time of the IPR, and continues to assert in this case that the '048 Patent is "materially the same" as the '705 Patent; 2) the same prior art references were provided to the PTAB in both IPRs and the same combination was alleged in both IPRs, thus the grounds alleged

5

were the same; 3) the PTAB denied institution of the '048 Patent petition and articulated the denial as being for the same reasons the PTAB found HPE had not demonstrated the claims of the '705 Patent to be unpatentable in the final written decision for the '705 Patent; and 4) the final written decision was referenced as a "Related Proceeding" in the '048 Patent IPR's Decision Denying Institution. The final written decision for the '705 Patent is thus also a final written decision estopping any grounds HPE could have raised from being relitigated for the '048 Patent.

HPE will assert the first prong of the IPR estoppel test is not met here, as HPE did not prosecute its filed IPRs and estoppel should not apply in the joinder context. Both arguments are meritless. After filing its own Petition, HPE sought to join the Cisco's petition, stating that "[j]oinder [was] appropriate because *HPE's petition* challenges the validity of the same claims of the '705 patent on identical grounds to those in the Cisco IPR." (*Id.*, Ex. H. at 2 (emphasis added).) Further, HPE agreed in its Petition for Joinder that "as long as Cisco remain[ed] a party to the Cisco IPR, [HPE would agree] to take an understudy role, which [would] simplify briefing and discovery." (*Id* at 5.) This included a statement that "HPE [would] make no substantive filing and [would] be *bound* by Cisco's filings, unless a filing concern[ed] termination and settlement, or issues solely involve[ed] HPE." (*Id.* at 5 (emphasis added).)

There is no dispute that Cisco always remained a party to the Cisco IPR and there were no filings concerning termination or settlement, or issues solely involving HPE. (*See id.*, Ex. E.) This is essential because "[a] moving party [here HPE,] can agree to estoppel as if it were the original petitioner to the IPR." *mCom IP, LLC v. Bank of Am. Corp.*, No. 6:22-cv-00256-ADA-DTG, 2022 U.S. Dist. LEXIS 220115, at *8 (W.D. Tex. Oct. 20, 2022). HPE agreed to be bound and requested a stay in this case pending the results of the IPR as "[t]he outcome of the IPR proceedings [had] the potential to streamline the issues in this case." (ECF No. 29 at 1.) The present case is thus

6

nearly identical to the *mCom IP case*, except that here a final written decision on the merits was provided by the PTAB. As in *mCom IP*, the Court should find similarly here that HPE is *fully estopped* under 35 U.S.C. § 315, as HPE was a petitioner, and even when it joined the Cisco IPR, it agreed to be bound by the final written decision. *See mCom IP, LLC*, 2022 U.S. Dist. LEXIS 220115, at *8–9.

Also, while it is true that estoppel was not extended to a joined party in *Network-1*, that case is here easily distinguishable and inapplicable. In *Network-1* "HP did not timely petition for IPR but relied on the joinder exception to the time bar." *Id.* at 1027. HPE was not here similarly time barred when it filed its '705 Patent IPR Petition. (*See* ECF No. 189, Ex. B.) Rather, HPE **chose** to file its own petition **and to subsequently** join the Cisco IPR, not under necessity or obligation, but for convenience. Similarly, HPE chose to file *the same* prior art it disclosed for the '705 Patent IPR in the '048 Patent IPR, which HPE challenged independently. (*Compare id. with* ECF No. 189, Ex. C.) Moreover, HPE agreed to take "an understudy role" for the '705 Patent IPR to simplify briefing and discovery and to produce faster results, as HPE likely hoped to use an invalidity result against K.Mizra in this litigation. (ECF No. 189, Ex. B.) Under these facts, we do not here have a Network-1 situation, but a *mCom IP* situation and HPE should be fully estopped under 35 U.S.C. § 315(e) from reasserting any combination of prior art that it reasonably could have but did not raise in its IPR Petitions. *See mCom IP, LLC*, 2022 U.S. Dist. LEXIS 220115, at *8–9.

### B.    The "Reasonably Could Be Raised" Prong Is Here Met

The Federal Circuit has explained that "[t]o give effect to the language 'reasonably could have raised' as used in the IPR estoppel provision," "estoppel applies not just to claims and grounds asserted in the petition and instituted for consideration by the Board, but to all grounds not stated

7

in the petition but which reasonably could have been asserted against the claims included in the petition." *Click-To-Call Techs. LP v. Ingenio, Inc.*, 45 F.4th 1363, 1370 (Fed. Cir. 2022) (quoting *Cal. Inst. Of Tech. v. Broadcom Ltd.*, 25 F.4th 976, 991 (Fed. Cir. 2022)). Ultimately, it is "the petition, not the institution decision [that] defines the scope of the IPR" litigation. *Id.* at 1369. Danforth, Lewis, and Ball were all provided to the PTAB in the '705 and '048 Patent IPRs. Accordingly, they could have been asserted in art combinations presented to the PTAB. *Id.* That leaves the 700wl Product. But here too, the evidence of record upon which Dr. Jones relies are printed publications that reasonably could have been asserted in the IPRs, not a system at all, and those publications were publicly available at all relevant times.

       **1.**    **Dr. Jones Relies on Printed Subject Matter, not the Physical 700wl Product, in Rendering His Obviousness Opinions**

This Court has made its position clear: "[w]hen a party asserts a prior art system and relies *exclusively* on printed subject matter that it could have raised in [an] IPR, it is not asserting a system at all." *Gen. Access Sols. v. Sprint Spectrum L.P.*, No. 2:20-CV-00007-RWS, 2020 U.S. Dist. LEXIS 259998, at *9 (E.D. Tex. Dec. 1, 2020) (emphasis added). Importantly, HPE can only put on its obviousness case through Dr. Jones, who describes that "the 700wl Product can be found in the following" and then he lists six written publications: the HP ProCurve Secure Access 700wl Series Datasheet ("Datasheet"); HP ProCurve Secure Access 700wl HP ProCurve Secure Access 700wl Series: Identity-based Access Control Technical Brief, August 2004 ("Technical Brief"); HP ProCurve Secure Access 700wl Series, Introduction to Software Version 4, 2004 ("Software Guide"); the HP ProCurve Secure Access 700wl Series, Management and Configuration Guide, 2003 ("Management Guide"); the HP ProCurve Secure Access 700wl Series: User Authentication and Authorization Technical Brief, August 2004 ("Authentication Brief"); and HP ProCurve Secure Access 700wl Series Getting Started Guide, 2003 ("Getting Started Guide").

8

Critically, only the Software Guide (Long Decl., Ex. I) is needed for Dr. Jones' obviousness analysis. (S*ee id.*, Ex. A at ¶ 13.) Dr. Jones admits that "[v]ersion 4 [of the Software Guide] includes all of the functionality of version 3.1 [of the 700wl Product software] but has reorganized functionality (and UI) to reflect a new logical organization." (*Id.*) He concludes that any "discussions of the Management Guide [may] be applied to version 4 of the software." (*Id.*) In short, Dr. Jones opined that version 4 of the Software Guide includes everything of relevance found in the Management guide. (*Id.*, Ex. J.) Said differently, the Software Guide encompasses everything disclosed by the Management Guide, which simply discusses updated software that is described in the Software Guide. (*Compare id.*, Ex. J *with id.*, Ex. I.) In short, then, limitations of the Asserted Claims that are allegedly disclosed by the 700wl Product are all shown in **one printed publication**—the Software Guide, a written publication that was publicly available to a reasonable searcher since at least 2004. (*Id.*, Ex. I.) Dr. Jones' supplemental report and invalidity contentions, including Appendices N and O thereto, confirm that every limitation of the Asserted Claims allegedly met by the 700wl Product includes a citation to either the Management or Software Guide. (*Id.*, Ex. A at Appendices N and O.) Dr. Jones never refers to source code of the *system itself*, evidence discovered from his inspection, pictures of the hardware, or any other evidence related to the physical system.

### 2. The 700wl Product Literature Reasonably Could Have Been Raised During the IPR Proceedings

The Federal Circuit recently adopted the "skilled searcher" standard to aid courts confronting the issue of whether a particular invalidity ground "reasonably could have [been] raised" during an IPR proceeding. *See Ironburg Inventions Ltd. v. Valve Corp.*, 64 F.4th 1274, 1298 (Fed. Cir. 2023) (explaining that "the 'skilled searcher' standard is consistent with the statutory requirement that a petitioner be estopped from asserting 'any ground that the petitioner . . .

9

reasonably could have raised' during . . . inter partes review."). Accordingly, "provided the other conditions of the statute are satisfied, § 315(e)(2) estops a petitioner as to invalidity grounds a skilled searcher conducting a diligent search reasonably could have been expected to discover, as these are grounds that the petitioner 'reasonably could have raised' in its petition." *Id.* "The burden of proving, by a preponderance of the evidence, that a skilled searcher exercising reasonable diligence would have identified an invalidity ground rests on the patent holder, as the party asserting and seeking to benefit from the affirmative defense of IPR estoppel." *Id.* at 1299.

Although the Federal Circuit has not expanded on the facts or circumstances that constitute "a skilled searcher conducting a diligent search," it has explained that "[t]he inquiry into what a skilled and diligent searcher would reasonably have discovered is ultimately concerned with what the searcher of ordinary skill *would* find through reasonable diligence and not what an actual researcher in fact *did* find through whatever level of diligence she exercised." *Id.* (italics in original). District courts have concluded that a skilled searcher would have been able to find a particular reference where: "(1) the patentee identified a search string that, if used to search the same subclass as the patent-in-suit, would have identified the reference, and (2) the string included terms that appeared in the patent-in-suit numerous times." *See Innovative Memory Sys. Inc. v. Micron Tech., Inc.*, C.A. No. 14-1480-RGA-MH, 2022 U.S. Dist. LEXIS 177092, at *8 (D. Del. Sept. 29, 2022) (citations omitted); *see also TrustID, Inc. v. Next Caller Inc.*, C.A. No. 18-172-MN, 2021 U.S. Dist. LEXIS 134010, at *2–3 (D. Del. July 6, 2021) (holding that a patentee asserting estoppel could demonstrate what a reasonably diligent search would have found by "(1) identify[ing] the search string and search source that would identify the allegedly unavailable prior art and (2) present[ing] evidence, likely expert testimony, why such a criterion would be part of a

skilled searcher's diligent search") (quoting *Clearlamp, LLC v. LKQ Corp.*, C.A. No. 12-2533, 2016 U.S. Dist. LEXIS 186028, at *25 (N.D. Ill. Mar. 18, 2016))).

The 700wl Product literature would have here been located by a skilled searcher conducting a diligent diligence for either one of two different reasons. First, a skilled searcher would have readily developed a Google search string that easily would have returned the 700wl Product literature. (*See* Long Decl., Ex. K at ¶¶ 28–39.) Second, a skilled searcher would have interviewed Mr. Dolkas, a former HP employee and well-known inventor in the network security art, and he would have directed the searcher to the 700wl Product literature, as he directed Dr. Jones in connection with development of his supplemental obviousness report. (*Id.*, at ¶¶ 41–44.)

## IV. CONCLUSION

A final written decision was issued in the '705 Patent IPR, and the '048 Patent IPR petition was denied institution based on that written decision. Under relevant law, then, the first prong of IPR estoppel is here met. Then, though, Dr. Jones says he is basing his new obviousness opinions upon a "system" in combination with known prior art patents. But in reality, these opinions are supported only by 700wl Product literature that would have here been easily located by a skilled searcher conducting diligent diligence. For these reasons, HPE's new obviousness defenses should now be precluded from presentation at trial under 35 U.S.C. § 315(e)(2) and relevant interpreting law.

Dated:  May 29, 2024                                Respectfully submitted,

                                                              By: */s/ Briana D. Long*
                                                                   Claire Abernathy Henry
                                                                   Texas Bar No. 24053063
                                                                   Andrea Leigh Fair
                                                                   Texas Bar No. 24078488
                                                                   Charles Everingham IV
                                                                   Texas Bar No. 00787447
                                                                   Garrett C. Parish

        Texas Bar No. 24125824
        Ward, Smith & Hill, PLLC
        1507 Bill Owens Parkway
        Longview, TX 75604
        Telephone: (903) 757-6400
        Email: claire@wsfirm.com
              andrea@wsfirm.com
              ce@wsfirm.com
              gparish@wsfirm.com

        Robert R. Brunelli (Lead Counsel)
        CO State Bar No. 20070
          rbrunelli@sheridanross.com
        Paul Sung Cha*
        CO State Bar No. 34811
          pscha@sheridanross.com
        Bart A. Starr
        CO State Bar No. 50446
          bstarr@sheridanross.com
        Angela J. Bubis*
        CO State Bar No. 58144
          abubis@sheridanross.com
        Briana D. Long*
        CO State Bar No. 57914
          blong@sheridanross.com
        SHERIDAN ROSS P.C.
        1560 Broadway, Suite 1200
        Denver, Colorado 80202-5141
        Tel: (303) 863-9700
        E-mail: litigation@sheridanross.com

*Admitted pro hac vice
*Attorneys for Plaintiff K.Mizra LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on May 29, 2024.

/s/ Briana D. Long
Briana D. Long
CO State Bar No. 57914
blong@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202-5141
Tel: (303) 863-9700
E-mail: litigation@sheridanross.com

*Attorney for Plaintiff K.Mizra LLC*