# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| K.MIZRA LLC,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY and ARUBA NETWORKS, LLC,<br><br>Defendants. | Civil Action No. 2:21-cv-305-JRG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF
K.MIZRA LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT
ON OBVIOUSNESS BASED ON THE 700WL PRODUCT LITERATURE IN
COMBINATION WITH OTHER KNOWN REFERENCES PURSUANT TO THE IPR
<u>ESTOPPEL DOCTRINE</u>**

█████████████████████████████████

K.Mizra's second attempt[1] to dismiss HPE's 35 U.S.C. § 103 defense fares no better than the first – it still relies upon overturned case law and ignores the relevant facts. The critical facts remain the same. For the '705 patent, HPE filed only a "copy-cat" IPR petition identical in scope to the Cisco IPR and contemporaneously filed a Joinder Motion. The PTAB instituted Cisco's IPR on a single prior art combination and granted HPE's Joinder Motion. As a result, any estoppel is limited to the single combination on which the PTAB instituted the Cisco IPR, as the Federal Circuit held in *Network-1 Techs., Inc. v. Hewlett-Packard Co.*, 981 F.3d 1015, 1027 (Fed. Cir. 2020). For the '048 patent, the PTAB denied HPE's IPR petition, did not issue a final written decision, and therefore no estoppel applies. *See* 35 U.S.C. § 315(e)(2). Applying the appropriate law to the relevant facts, HPE would at most be estopped at trial in this action from arguing obviousness against the '705 patent asserted claims based on the prior art combination on which the PTAB instituted IPR on the '705 patent (*i.e.*, the Gleichauf (U.S. Patent No. 9,436,820), Ovadia (U.S. Patent No. 7,747,862), and Lewis (U.S. Patent No. 7,533,407) obviousness combination). But HPE is not asserting that obviousness combination at trial. K.Mizra's attempt to inflate estoppel beyond this restriction is contrary to governing law and invites error.

I. **RESPONSE TO STATEMENT OF ISSUES TO BE DECIDED BY THE COURT**

HPE disputes K.Mizra's statement of issues and offers the following instead:

1. Whether the Court should deny K.Mizra's motion because HPE, a joinder petitioner, is at most estopped at trial in this action from arguing obviousness against the '705 patent asserted claims based on the prior-art combination on which the PTAB instituted IPR on the '705 patent?

2. Whether the Court should deny K.Mizra's motion because HPE is not estopped at trial in this action from arguing obviousness against the '048 patent asserted claims?

---

[1] K.Mizra withdrew its Original Estoppel Motion [Dkt. No. 189] following HPE's prior art narrowing. *See* Dkt. No. 189 and 308.

**OPP. TO MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING ESTOPPEL - Page 1**

3. Whether the Court should deny K.Mizra's motion because there is a genuine issue of material fact the jury should consider regarding whether the '705 and '048 patent asserted claims are invalid under 35 U.S.C. § 103?

## II. RESPONSE TO K.MIZRA'S STATEMENT OF UNDISPUTED FACTS

1. In the first paragraph of K.Mizra's Statement of Undisputed Material Facts, HPE disputes that it "essentially incorporated its '705 Patent IPR into its '048 Patent IPR Petition." HPE does not dispute the remainder of the first paragraph.

2. HPE disputes the facts stated in the second paragraph of K.Mizra's Statement of Undisputed Material Facts. In particular, HPE disputes K.Mizra's assertion that the PTAB's "final written decision [held] no claims of the '705 Patent unpatentable," but instead found that "Petitioner has not shown, by a preponderance of the evidence, that claims 1-3, 5-13, and 15-19 of the '705 patent are unpatentable." *See* Dkt. 309-6, Ex. E, Final Written Decision in IPR2021-00593 at 2. HPE also disputes K.Mizra's assertion or suggestion that the PTAB denied institution of HPE's '048 Patent IPR Petition based on findings that the '048 Patent and '705 Patent are "closely related" or that their claims are "materially the same."

3. In the third paragraph of K.Mizra's Statement of Undisputed Material Facts, HPE disputes that "the 700wl Product is fully and only relevantly described in printed publications that were publicly available prior to the filing of HPE's IPR petitions *and* it is only those written publications upon which Dr. Jones relies in rendering his obviousness opinions," and that "information learned through the inspection, if any, was not relied upon by Dr. Jones in reaching his obviousness conclusions." HPE does not dispute the remainder of the third paragraph.

## III. LEGAL STANDARD

"Summary judgment may be granted if the moving party shows there is no genuine issue of material fact, and it is entitled to judgment as a matter of law." *Murray v. Earle*, 405 F.3d 278, 284 (5th Cir. 2005). A dispute about a material fact is "genuine" when the evidence is "such that

a reasonable jury could return a verdict for the nonmoving party." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Courts must "construe all facts and inferences in the light most favorable to the nonmoving party" when considering whether to grant summary judgment. *Murray*, 405 F.3d at 284.  "The burden of proof falls upon the party seeking the summary judgment and all reasonable doubts as to the existence of a genuine issue of material fact are to be resolved against the moving party." *Erco Industries, Ltd. v. Seaboard C. L. R. Co.*, 644 F.2d 424, 428 (5th Cir. 1981).

35 U.S.C. § 315 states that the PTAB Director "may join as a party to" a previously filed IPR "any person who properly files a petition under section 311."  A joining petitioner "cannot bring with it grounds other than those already instituted [and therefore] … is not statutorily estopped from raising other invalidity grounds" in a litigation. *Network-1*, 981 F.3d at 1027. "[R]eliance on § 315(e)(2) to estop grounds that reasonably could have been raised [by a joining petitioner] is in error in light of the Federal Circuit precedent regarding § 315(c)." *Netlist, Inc. v. Micron Tech., Inc.*, No. 2:22-CV-203-JRG-RSP, 2024 WL 402181, at *2 (E.D. Tex. Jan. 10, 2024), report and recommendation adopted, No. 2:22-CV-203-JRG-RSP, 2024 WL 387787 (E.D. Tex. Jan. 31, 2024) (citing *Network-1*, 981 F.3d at 1027).

"In general, IPR estoppel does not apply to device art, because 'a petitioner cannot use an IPR to challenge the validity of a patent claim … based on prior art products or systems.'" *IOENGINE, LLC v. PayPal Holdings, Inc.*, 607 F. Supp. 3d 464, 511 (D. Del. 2022) (quoting *Medline Indus., Inc. v. C.R. Bard, Inc.*, No. 17 C 7216, 2020 WL 5512132, at *3 (N.D. Ill. Sept. 14, 2020).  There is a split among district courts, however, as to whether IPR estoppel extends to device art that is entirely cumulative of prior art in the form of patents or printed publications that were or could have been raised in an IPR.  Judge Bryson (sitting by designation in the District of

Delaware) recently endorsed the view of § 315(e)(2) that as a matter of statutory interpretation, estoppel applies only to "grounds"—i.e., "specific pieces of prior art that are the basis or bases on which a petitioner challenges a claim." *Prolitec Inc. v. Scentair Techs.*, LLC, No. 1:20-cv-00984, Dkt. No. 240 at 50 (D. Del. Dec. 13, 2023) (citing *Chemours Co. FC, LLC v. Daikin Indus., Ltd.*, No. 17-1612, 2022 WL 2643517, at *1 (D. Del. July 8, 2022) (holding same). Accordingly, Judge Bryson found that because product art cannot be used in an IPR "ground," estoppel does not preclude the challenger from asserting such art in district court, holding that "IPR estoppel does not apply to device art, even when that art is cumulative of patents and printed publications that were or could have been asserted in a prior IPR. *Id.*

## IV. ARGUMENT

### A. HPE, A Party Joined to the '705 Patent IPR Proceeding, is Subject to Limited Estoppel.

It is undisputed that HPE was a party joined as a petitioner to Cisco's IPR proceedings regarding the '705 patent in which Cisco was the lead petitioner. *See* Mot. at 3. In order to join Cisco's IPR proceedings, HPE could not present new issues in its IPR petitions that HPE sought be joined to the Cisco IPR proceeding because "[t]he clear and unambiguous text of § 315(c) [the statute authorizing IPR joinder] … does not authorize the joinder of new issues," "such as new claims or new grounds." *Facebook, Inc. v. Windy City Innovations, LLC*, 973 F.3d 1321, 1332-33 (Fed. Cir. 2020). As such, HPE's IPR petition for the '705 patent was limited to only grounds that the Board correctly found were "identical to Cisco's petition in the Cisco IPR." *See* Ex. 1, Decision Granting Petitioner's Motion for Joinder. The Board granted HPE's Motion for Joinder, set the joined proceeding on Cisco's existing IPR schedule, and held that HPE was joined in a significantly limited role. *Id.*

Because a joined party is limited in the grounds it can advance and limited to an understudy role, the Federal Circuit has held that IPR estoppel is narrower for a joined party like HPE in this case. Specifically, the Federal Circuit held that:

> [A]ccording to the statute [35 U.S.C. § 315(e)(2) that governs IPR estoppel], a party is only estopped from challenging claims in the final written decision based on grounds that it "raised or reasonably could have raised" during the IPR. <u>Because a joining party cannot bring with it grounds other than those already instituted, that party is not statutorily estopped from raising other invalidity grounds</u>.

*Network-1 Techs.*, 981 F.3d at 1027 (emphasis added). As this Court recognized earlier this year, "the Federal Circuit rulings regarding joinder estoppel act to lop off the 'or reasonably could have raised' aspects of § 315(e)(2)." *Netlist*, 2024 WL 402181, at *2.

Under the controlling authority, the only IPR estoppel for the '705 Patent applicable to HPE, a joined party, is limited to estoppel of the identical invalidity ground on which the Cisco IPR was instituted (*i.e.*, the Gleichauf, Ovadia, and Lewis obviousness combination). HPE is not presenting this obviousness combination to the jury. As such, there is no estoppel because the obviousness grounds in Dr. Jones' report are not the same as the instituted invalidity ground in the Cisco '705 Patent IPR to which HPE was joined. In its motion, K.Mizra never argued—nor can it argue—that HPE's remaining obviousness grounds are identical.

Further, contrary to K.Mizra's argument, the Federal Circuit did not limit the holding in *Network-1* to only parties that are "time barred" from filing an IPR petition. Instead, the holding applies to all parties joined under Section 315(c). Indeed, this Court squarely rejected an identical argument in *Netlist v. Micron*, which HPE cited in its response to the Original Estoppel Motion and K.Mizra continues to ignore. *See Netlist,* 2024 WL 402181, at *2 (citing *Network-1*, 981 F.3d at 1027). In *Netlist*, Samsung was the original petitioner and "Micron filed a 'copy-cat' IPR Petition identical in scope to a prior petition filed by Samsung … together with a Motion for

Joinder." *Id*. at Dkt. No. 423.  Netlist moved for summary judgment on IPR estoppel and made the same arguments K.Mizra makes here:

> Micron merely argues that because its petitions were joined to Samsung's, estoppel is limited to grounds actually raised.  The Court need not reach this argument because all of Micron's grounds are actually raised in the IPRs.  But in any event, the Federal Circuit did not hold in *Network-1 Techs., Inc. v. Hewlett-Packard Co*., 981 F.3d 1015, 1027 (Fed. Cir. 2020) that estoppel is limited any time there is a joinder.  Rather, in *Network-1* the joined party (HP) was "time-barred" from filing its own petition, and the only way it could participate in the IPR was to file a request for joinder limited to the same grounds.  *Id.* at 1027.  Here, Micron was *not* time-barred and does not dispute that it could have raised any grounds it wished in its petition.  Further, Micron does not dispute that the Board instituted Micron's own IPR petitions, and that Micron is before the Board as a petitioner and thus subject to complete estoppel in its own right.

*Id*. at Dkt. No. 372. This Court rejected the arguments in *Netlist* and should reject them again here. *See Netlist,* 2024 WL 402181, at *2 ("[R]eliance on § 315 (e)(2) to estop grounds that reasonably could have been raised [by a joining petitioner] is in error in light of the Federal Circuit precedent regarding § 315(c)." ).  K.Mizra admits that: (1) HPE is a joining party to the Cisco IPR; and (2) the only ground on which the PTAB instituted that IPR is the Gleichauf-Ovadia-Lewis obviousness combination.  Therefore, under *Network-1*, HPE is not statutorily estopped from raising other invalidity grounds at trial.

K.Mizra also misrepresents to this Court that HPE agreed to be bound by original petitioner IPR estoppel.  (Mot. at 6.)  HPE never agreed to be bound by petitioner estoppel.  *See, e.g.*, Dkt. No. 29.  If the contrary were true, K.Mizra presumably would have pointed the Court to a material fact demonstrating this purported fact rather than relying upon attorney argument only.  *See* Mot. at 6.  Moreover, *mCom IP,* an opinion considering whether or not the court should stay an action pending resolution of an IPR, has no bearing on K.Mizra's motion.  Again, as a joining party, only limited estoppel applies to HPE's invalidity defenses against the '705 patent.

**OPP. TO MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING ESTOPPEL – Page 6**

### B.   No Estoppel Arises From HPE's Denied '048 Patent IPR Petition.

Once again, K.Mizra's motion, intentionally or otherwise, ignores the law related to estoppel for a denied IPR petition. K.Mizra quotes Section 315(e)(2) (*see* Mot. at 5), but ignores that it ascribes estoppel to an IPR petitioner if the petition "results in a final written decision under section 318(a) … ." 35 U.S.C. § 315(e)(2). Section 318(a) requires the PTAB to issue a final written decision "[i]f an inter partes review is instituted and not dismissed under this chapter … ." 35 U.S.C. § 318(a). "The estoppel provisions of 35 U.S.C. § 315(e)(2) do not apply to a denial of an inter partes review." *Precision Fabrics Group, Inc. v. Tietex Int'l, Ltd.*, No. 1:13-CV-645, 2016 WL 6839394, at *9 (M.D.N.C. Nov. 21, 2016). Because HPE's '048 patent IPR petition was denied without a final written decision, HPE is not estopped from asserting at trial any obviousness grounds related to the '048 patent. *See* Ex. 2, Decision Denying Institution of *Inter Partes* Review of IPR2022-00843.

K.Mizra hangs its hat on *Papst Licensing GMBH & Co. v. Samsung Elecs. Am., Inc.*, 924 F.3d 1243, 1252–53 (Fed. Cir. 2019) to argue that some variation of *issue* preclusion, rather than *IPR-based* preclusion, should override the clear and unambiguous statutory language of Section 315(e)(2). *See* Motion at 5-6. *Papst* does not stand for, nor does it mention, IPR estoppel related to prior art that may be asserted in a district court trial. Instead, *Papst* addresses issue preclusion in view of an attempt to challenge the PTAB's prior claim construction for a materially identical claim limitation. *Papst*, 924 F.3d 1252-53. *Papst* is simply inapposite. K.Mizra's attempt to redefine IPR estoppel to include decisions denying institution finds no support in the statute or controlling case law. The law is clear—no estoppel arises from HPE's denied '048 Patent IPR Petition.

### C. Device Art is Not Subject to IPR Estoppel.

The Federal Circuit's controlling *Network-1* opinion and 35 U.S.C. § 315(e)(2) complete the estoppel analysis in this case. K.Mizra, however, asks the Court to preclude HPE's obviousness combinations including the HP ProCurve Secure Access 700wl Series product (the "700wl Product") via a lengthy, unnecessary argument regarding the "reasonably could have been raised" and "skilled searcher" standards based on inapposite case law.

The 700wl Product is system/device art[2] relied upon in the present case (not in the IPR) by HPE's invalidity expert Dr. Jones for his obviousness analysis. *See* Ex. 3, Jones Supplemental Expert Report Sections ¶¶ 3, 9, 11, 30; Ex. 4, Jones Second Supplemental Expert Report; Ex. 5, May 17, 2024 Depo. of Dr. Jones at 17:10-21:1; 54:25-55:21. K.Mizra's Motion completely ignores Dr. Jones' reliance upon (1) a physical sample of a 720wl unit labeled with Bates number HPE-PHYS-0001, (2) inspecting physical samples of the 700wl Product, and (3) testimony from Mr. Ken Haggard, a retired HPE engineer who worked on the 700wl Product and will testify at trial regarding the 700wl Product. *Compare id.* and Mot. at 8-9. Dr. Jones' opinions are not exclusively based upon printed materials that could have been raised in an IPR, rather he relies upon the actual 700wl Product (including an analysis of the code[3]), witness testimony from an engineer that worked on the product, and corroborating documents detailing the 700wl Product functionality.

As such, and because HPE was a joinder petitioner, K.Mizra's citation to *Gen. Access* is misplaced. In *Gen. Access*, Judge Schroeder analyzed the application of estoppel to system prior art that is "just disguised patents and printed publications that it could have asserted in [an] IPR." *Gen. Access Sols., Ltd. v. Sprint Spectrum L.P.*, No. 2:20-cv-00007-RWS, 2020 WL 12572917, at

---

[2] *See IOENGINE*, 607 F. Supp. 3d at 511 (finding that in general IPR estoppel does not apply to device art).
[3] *See* Ex. 3 at 30; Ex. 5 at 54:25-55:21.

**OPP. TO MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING ESTOPPEL** – Page 8

*3 (E.D. Tex. Dec. 1, 2020). The Court ultimately did not preclude the defendant from presenting its invalidity defense based on the system art, but the foundation of Judge Schroeder's opinion that "[w]hen a party asserts a prior art system and relies exclusively on printed subject matter <u>that it could have raised in IPR</u>, it is not asserting a system at all" does not apply here. *Id.* at *3-4 (emphasis added). This analysis relates to original petitioners. K.Mizra's quotes and reliance upon *Click-To-Call*, *Ironburg*, *Innovative Memory*, and *Trustid* all suffer the same flaw—the defendants were original petitioners.[4] As a joining petitioner, HPE could not bring with it grounds other than those already instituted in Cisco's IPR. *See Network-1 Techs.*, 981 F.3d at 1027. Thus, K.Mizra's "reasonably could have been raised" and "skilled searcher" arguments are inapplicable, and HPE is not statutorily estopped from raising other invalidity grounds, including the 700wl Product.

Second, Judge Bryson recently addressed this estoppel argument related to products which are also described in patents or printed publications in *Prolitec* and found that as a matter of statutory interpretation, estoppel applies only to "specific pieces of prior art that are the basis or bases on which a petitioner challenges a claim." *See* Ex. 6, *Prolitec* Opinion. As part of the analysis, Judge Bryson considered the split among district courts concerning this issue. Like K.Mizra's argument regarding the 700wl Product and the related literature describing the product functionality, in *Prolitec*, the plaintiff argued the defendant was estopped from asserting the prior art product (*ScentDirect*) because the product was "materially identical" to a patent, which could

---

[4] *Click-To-Call Techs. LP v. Ingenio, Inc.*, 45 F.4th 1363, 1366 (Fed. Cir. 2022) ("[Defendant] filed a petition for IPR challenging the sixteen asserted claims and one additional claim"); *Ironburg Inventions Ltd. v. Valve Corp.*, 64 F.4th 1274, 1283 (Fed. Cir. 2023)("[Defendant] then filed a petition with the United States Patent and Trademark Office ("PTO"), which partially instituted an IPR"); *Innovative Memory Sys., Inc. v. Micron Tech., Inc.*, No. CV 14-1480-RGA, 2022 WL 4548644, at *3 (D. Del. Sept. 29, 2022) ("Micron was the petitioner in an IPR involving the '498 patent."); *Trustid, Inc. v. Next Caller Inc.*, No. 18-172 (MN), 2021 WL 3015280, at *1 (D. Del. July 6, 2021) (defendant was the petitioner); *see also TRUSTID, Inc. v. Next Caller, Inc.*, No. 2020-1950, 2021 WL 4427918, at *1 (Fed. Cir. Sept. 27, 2021) ("Next Caller petitioned for inter partes review ("IPR") of all of the claims of the '985 patent.").

have been raised in the IPR challenge. *Prolitec*, No. 1:20-cv-00984, Dkt. No. 240 at 48. Following a lengthy analysis, the court found that because product art cannot be used in an IPR "ground," estoppel does not preclude the challenger from asserting such art in district court, holding that "IPR estoppel does not apply to device art, even when that art is cumulative of patents and printed publications that were or could have been asserted in a prior IPR. *Id.* Judge Bryson reasoned this holding is "consistent with the way the term "grounds" has been used by the Federal Circuit in the IPR context—to mean a legal argument based on a specific combination of references." *Id.* at 51. Following this reasoning, IPR estoppel does not apply to the 700wl Product.

### D. HPE's Obviousness Defense Presents a Genuine Issue of Material Fact that the Jury Is Entitled to Consider.

K.Mizra's Motion fails to identify a basis for granting summary judgment.[5] *See Tinnus Enterprises, LLC v. Telebrands Corp.*, No. 6:16-CV-00033-RWS, 2017 WL 8727624, at *2 (E.D. Tex. Aug. 11, 2017), report and recommendation adopted, No. 6:16-CV-00033-RWS, 2017 WL 8727628 (E.D. Tex. Sept. 14, 2017) (finding that the "moving party must identify the basis for granting summary judgment and . . . either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden). Here, summary judgment is not proper because the question of obviousness presents, at a minimum, secondary fact finding that the jury should determine. *See W. Union Co. v. MoneyGram Payment Sys., Inc.*, 626 F.3d 1361, 1369 (Fed. Cir. 2010) ("Obviousness is a question of law based on underlying findings of fact."). Dr. Jones provides expert opinions that the following prior art combinations, including motivations to combine, render the asserted claims of the '705 and '048 patents obvious:

---

[5] K.Mizra again cites estoppel law unrelated to a joinder petition or a denied IPR petition.

- 700wl Product + Ball[6] + Lewis[7]
- 700wl Product + Ball + Danforth[8]

*See* Ex. 3, Jones Supplemental Expert Report. K.Mizra has not challenged Dr. Jones' opinions via a *Daubert* nor motion to strike, but has disclosed competing expert opinions [*see* Ex. 7, Expert Report of Dr. Eric Cole in Response to Supplemental Expert Reports of Dr. Mark Jones]. Whether the teachings of the '705 and '048 patents would have been obvious to a person of ordinary skill in the art is a material factual dispute between the parties that precludes summary judgment. Given the posture of this motion and the material disputes that remain, it would be improper for the Court to weigh in on the fact finding to resolve this dispute.

## V.   CONCLUSION

For the foregoing reasons, the Court should deny K.Mizra's Motion for Partial Summary on Obviousness Based on the 700wl Product Literature in Combination with Other Known References Pursuant to the IPR Estoppel Doctrine.

---

[6] U.S. Patent Publication No. 2006/0005009
[7] U.S. Patent No. 7,533,407.
[8] U.S. Patent No. 7,571,460.

Dated: June 20, 2024         Respectfully submitted,

By: */s/ Joshua R. Thane*
Jennifer H. Doan
Texas Bar No. 08809050
Joshua R. Thane
Texas Bar No. 24060713
**HALTOM & DOAN**
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
jdoan@haltomdoan.com
jthane@haltomdoan.com

Manish K. Mehta (*pro hac vice*)
Kal K. Shah
Cristina Q. Almendarez
Kate Watson Moss (*pro hac vice*)
Louis Constantinou (*pro hac vice*)
**BENESCH FRIEDLANDER COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606-4637
Telephone: (312) 212-4949
mmehta@beneschlaw.com
kshah@beneschlaw.com
calmendarez@beneschlaw.com

Michael S. Weinstein (*pro hac vice*)
**BENESCH FRIEDLANDER COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, OH 44114
Telephone: (216) 363-4500
mweinstein@beneschlaw.com

Ziyong Sean Li
**BENESCH FRIEDLANDER COPLAN & ARONOFF LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
Telephone: (628) 600-2250
sli@beneschlaw.com

██████████████████

Sean C. Cunningham (*pro hac vice*)
Erin P. Gibson (*pro hac vice*)
Pete Maggiore (*pro hac vice*)
**DLA PIPER LLP (US)**
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
Sean.Cunningham@us.dlapiper.com
Erin.Gibson@us.dlapiper.com
Peter.maggiore@us.dlapiper.com

Brent K. Yamashita
Mary C. Dahl (*pro hac vice*)
**DLA PIPER LLP (US)**
3203 Hanover Street, Suite 100
Palo Alto, CA 94304
Telephone: (650) 833-2000
Facsimile: (650) 833-2001
Brent.Yamashita@us.dlapiper.com
mary.dahl@us.dlapiper.com

Helena D. Kiepura (*pro hac vice*)
**DLA PIPER LLP (US)**
500 Eighth Street, NW
Washington, DC 20004
Telephone: (202) 799-4000
Facsimile: (202) 799-5000
helena.kiepura@us.dlapiper.com

Tessa Duxbury (*pro hac vice*)
**DLA PIPER LLP (US)**
2000 Avenue of the Stars, Ste. 400, N. Tower
Los Angeles, CA 90067
Telephone: (310) 595-3487
Facsimile: (310) 595-3487
tessa.duxbury@us.dlapiper.com

**ATTORNEYS FOR DEFENDANTS
HEWLETT PACKARD ENTERPRISE
COMPANY AND ARUBA NETWORKS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that, on June 20, 2024, a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a), and all counsel of record are being served with a copy of this document via email.

*/s/ Joshua R. Thane*
Joshua R. Thane