IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| K.MIZRA LLC,<br><br>  Plaintiff / Counterclaim Defendant,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY and ARUBA NETWORKS, LLC,<br><br>  Defendants / Counterclaim Plaintiffs. | Civil Action No.: 2:21-cv-00305-JRG<br><br><br>**Jury Trial Demanded** |

**PLAINTIFF K.MIZRA LLC'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON OBVIOUSNESS BASED ON THE 700WL PRODUCT LITERATURE IN COMBINATION WITH OTHER KNOWN REFERENCES PURSUANT TO THE IPR ESTOPPEL DOCTRINE (ECF NO. 309)**

HPE asserts four arguments against granting K.Mizra's IPR estoppel summary judgment motion directed at its 700wl Product-based obviousness defense:

- the '048 Patent IPR Institution defense;
- the "Device Art" defense;
- the Jury Question defense; and
- the *Network-1 & Netlist* defense.

(*See* ECF No. 322.) Each is either factually inapplicable and/or legally incorrect.

I. **THE FACTS HERE FULLY SUPPORT APPLYING IPR ESTOPPEL TO THE '048 PATENT**

HPE admitted at the time of their '048 Patent IPR Petition, and continues to assert in this case, that the '048 Patent is "materially the same" as the '705 Patent: the same prior art references were provided to the PTAB in both IPRs, and the same art combinations were alleged in both IPRs, meaning the grounds alleged were the same. The PTAB denied institution of the '048 Patent

████████████████████████████████████████

petition and said that institution was denied for the same reasons it found HPE had not demonstrated that the claims of the '705 Patent were unpatentable in the final written decision for the '705 Patent. Just as important, the decision denying institution of the '048 Patent IPR referenced the '705 Patent IPR as being a "Related Proceeding." These are unusual facts, and under these indisputable facts, the Court should hold that the final written decision for the '705 Patent acts as a final written decision to the '048 Patent, consistent with the reasoning of the *Papst Licensing* decision and those like it fully supporting such a conclusion. *See Papst Licensing GMBH & Co. v. Samsung Elecs. Am., Inc.*, 924 F.3d 1243, 1250–53 (Fed. Cir. 2019) (applying issue preclusion based on final written decisions of related patents).

## II.   DEVICE ART IS HERE SUBJECT TO IPR ESTOPPEL

HPE makes three "Device Art"-based arguments in an attempt to overcome estoppel. The first is that Dr. Jones reviewed an actual 700wl Product and talked to Mr. Taggard. That all may be true. But Dr. Jones does not rely on that information in setting forth his obviousness conclusions in his Supplemental Expert Report and instead relies entirely on written prior art for his opinions. Importantly, HPE points out only two factual references to where Dr. Jones referred to his review of the 700wl Product or discussion with Mr. Taggard, and they are both in HPE's footnote three. The first reference is to paragraph 30 of the Supplemental Jones Report, but nothing in that paragraph talks about what was important about the physical product sample or mentions Dr. Jones's conversation with Mr. Taggard. The next reference cited by HPE is from the deposition of Dr. Jones and references testimony concerning ████████████████████ and, again, the testimony does not reference the physical product or Mr. Taggard (and in fact is discussing ████ ████████████████████). (*See* ECF No. 322 at 8.)

HPE next argues that as a "joining petitioner" to the Cisco IPR, it could not have raised the 700wl Product combination, again citing *Network-1*. As already discussed, though, *Network-1* is here easily distinguishable—nothing stopped HPE from filing its own IPR petition and, in fact, HPE did file its own petition that was virtually identical to Cisco's petition. (*See* ECF No. 309-4.) The fact that HPE later decided to join the Cisco IPR was a strategic call, and HPE must now live with the consequences of that call. Finally, HPE cites a non-precedential, unpublished opinion from Judge Bryson issued in the Delaware *Prolitec* case. (*See* ECF No. 322 at 9–10.) HPE even recognizes there is a split in authority on the issues (*see id.* at 9), and this Court has not followed the path followed by Judge Bryson and other Delaware courts.

### III. THE JURY QUESTION DEFENSE IS A RED HERRING

In its response, HPE cites the *Tinnus* decision where Judge Love was asked to decide an obviousness defense on summary judgment. He denied the motion, finding disputed issues of material fact. Importantly, though, Judge Love was not asked to apply IPR estoppel to the presented art combination. If he had been, and had he found that estoppel should be applied, the defendant in that case would have had no prior art combination to present to a jury, meaning there could be no disputed issue of material fact, requiring summary judgment on the defense. HPE's reliance on *Tinnus* is just misplaced, and its argument based upon that decision is meritless.

### IV. THE *NETWORK-1* & *NETLIST* DEFENSE

In its opening brief, K.Mizra explained why it believed the current situation is distinguishable from that in the Federal Circuit's *Network-1* decision and stands on those noted distinctions. However, K.Mizra also recognizes that in the *Netlist, Inc. v. Micron Tech., Inc.*, No. 2:22-CV-203-JRG-RSP, 2024 WL 402181 (E.D. Tex. Jan. 10, 2024), decision issued by Judge Payne and as affirmed by this Court, No. 2:22-CV-203-JRG-RSP, 2024 WL 387787 (E.D. Tex. Jan. 31, 2024), these arguments were not accepted, with the Court declining to apply IPR estoppel.

K.Mizra presses its motion to preserve these important IPR joinder issues, asking the Court to reconsider its *Netlist* decision in light of the different facts here presented. The Court should grant K.Mizra's Motion for Partial Summary Judgment.

Dated: June 27, 2024                                  Respectfully submitted,

By: */s/ Robert R. Brunelli*
    Claire Abernathy Henry
    Texas Bar No. 24053063
    Andrea Leigh Fair
    Texas Bar No. 24078488
    Charles Everingham IV
    Texas Bar No. 00787447
    Garrett C. Parish
    Texas Bar No. 24125824
    Ward, Smith & Hill, PLLC
    1507 Bill Owens Parkway
    Longview, TX 75604
    Telephone: (903) 757-6400
    Email: claire@wsfirm.com
          andrea@wsfirm.com
          ce@wsfirm.com

    Robert R. Brunelli (Lead Counsel)
    CO State Bar No. 20070
       rbrunelli@sheridanross.com
    Paul Sung Cha*
    CO State Bar No. 34811
       pscha@sheridanross.com
    Bart A. Starr
    CO State Bar No. 50446
       bstarr@sheridanross.com
    Angela J. Bubis*
    CO State Bar No. 58144
       abubis@sheridanross.com
    Briana D. Long*
    CO State Bar No. 57914
       blong@sheridanross.com
    SHERIDAN ROSS P.C.
    1560 Broadway, Suite 1200
    Denver, Colorado 80202-5141
    Tel: (303) 863-9700
  *Admitted pro hac vice*
  *Attorneys for Plaintiff K.Mizra LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 27, 2024, a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a), and all counsel of record are being served with a copy of this document via email.

/s/ *Robert R. Brunelli*
Robert R. Brunelli
CO State Bar No. 20070
rbrunelli@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202-5141
Tel: (303) 863-9700
E-mail: litigation@sheridanross.com

*Attorney for Plaintiff K.Mizra LLC*

