IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| K.MIZRA LLC, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:21-CV-00305-JRG |
| § | |
| HEWLETT PACKARD ENTERPRISE § | |
| COMPANY and ARUBA NETWORKS, § | |
| LLC, § | |
| § | |
| *Defendants*. § | |

# ORDER

Before the Court is Plaintiff K.Mizra LLC's ("Plaintiff") Motion for Partial Summary Judgment on Obviousness Based on the 700wl Product Literature in Combination with Other Known References Pursuant to the IPR Estoppel Doctrine ("the Motion"). (Dkt. No. 309.) In the Motion, Plaintiff moves for partial summary judgment on all of Defendants Hewlett Packard Enterprise Company ("HPE") and Aruba Networks, LLC's (collectively, "Defendants") obviousness combinations under the IPR estoppel doctrine. (*Id.*)

The Court conducted a Pretrial Conference in this case on July 23, 2024. Before the Pretrial Conference, the parties agreed to forego oral argument and rest on the papers as to this Motion. Having considered the briefing, and for the reasons stated herein, the Court finds that the Motion should be and hereby is **DENIED**.

Plaintiff asserts U.S. Patent Nos. 8,234,705 ("the '705 patent") and 9,516,048 ("the '048 patent") against Defendants. Both patents have been subject to IPR proceedings. (*Id.* at 1.) As to the '705 patent, HPE moved to join non-party Cisco's IPR and filed its own conforming IPR petition. (*Id.* at 3.) The PTAB instituted Cisco's IPR and joined HPE as a petitioner. (*Id.*) The

PTAB subsequently issued its final written decision holding no claims of the '705 patent unpatentable. (*Id.*) As to the '048 patent, HPE filed an IPR petition requesting review, and the PTAB denied institution. (*Id.*)

The relevant estoppel provision provides, in relevant part: "The petitioner in an inter partes review of a claim in a patent under this chapter that results in a final written decision under section 318(a) . . . may not assert [] in a civil action arising in whole or in part under section 1338 of title 28 . . . that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review." 35 U.S.C. § 315(e)(2).

In the Motion, Plaintiff argues that IPR estoppel applies to both asserted patents as to Defendants' obviousness grounds, both of which include the 700wl product prior art. (*Id.* at 1.) First, Plaintiff argues that the statutory requirement of a final written decision is met for both the '705 and '048 patents. (*Id.* at 5-7.) Specifically, Plaintiff contends that the IPR on the '705 patent resulted in a final written decision. (*Id.* at 5.) While the '048 patent IPR did not result in a final written decision, the PTAB denied institution on the same grounds as its findings for the '705 patent. (*Id.* at 6.) Plaintiff further argues that the 700wl product prior art could have reasonably been raised in the Cisco IPR because Dr. Jones, Defendants' technical expert, relied on printed subject matter for the product rather than the physical product itself. (*Id.* at 8.)

In response, Defendants argue that HPE, as a joining party to the Cisco IPR on the '705 patent, is subject to estoppel limited as to the grounds on which the Cisco IPR was instituted. (Dkt. No. 322 at 5.) As a result, there is no estoppel as to Defendants' obviousness grounds in this case. These grounds are different from the instituted ground in the Cisco IPR. (*Id.*) Defendants further argue that no estoppel applies to the '048 patent because the IPR on the '048 patent was denied without a final written decision. (*Id.* at 7.)

2

The Court agrees with Defendants and finds that no estoppel applies as to either the '705 or '048 patents. As the Federal Circuit has made clear, "[b]ecause a joining party cannot bring with it grounds other than those already instituted, that party is not statutorily estopped from raising other invalidity grounds." *Network-1 Techs., Inc. v. Hewlett-Packard Co.*, 981 F.3d 1015, 1027 (Fed. Cir. 2020). Defendants are estopped only as to the ground that was instituted in the Cisco IPR. There is no dispute that Defendants' obviousness theories rely on the 700wl product prior art, which was not part of the Cisco IPR. Accordingly, no estoppel applies to Defendants' obviousness theories in this case.

Furthermore, the Court is not persuaded that there is any estoppel as to the '048 patent. The estoppel provision, 35 U.S.C. § 315(e)(2), requires that the IPR result in a final written decision for estoppel to apply. Since there was no final written decision as to the '048 patent, there is no estoppel as to that patent.

Accordingly, the Court finds that the Motion for Partial Summary Judgment (Dkt. No. 309) should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 25th day of July, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE