## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| K.MIZRA LLC, | § |
| | § |
| *Plaintiff*, | § |
| | § |
| v. | §    CIVIL ACTION NO.  2:21-CV-00305-JRG |
| | § |
| HEWLETT   PACKARD   ENTERPRISE | § |
| COMPANY  and  ARUBA  NETWORKS, | § |
| LLC, | § |
| | § |
| *Defendants*. | § |

### ORDER ON PRETRIAL MOTIONS, MOTIONS *IN LIMINE*, AND EXHIBITS

The Court held a Pretrial Conference in the above-captioned matter on Tuesday, July 23, 2024 regarding pending pretrial motions and motions *in limine* ("MILs") filed by Plaintiff K.Mizra LLC ("K.Mizra" or "Plaintiff") and Defendants Hewlett Packard Enterprise Company and Aruba Networks, LLC (collectively, "HPE" or "Defendants") (together, with Plaintiff, the "Parties"). (Dkt. Nos. 185, 186, 191, 192, 196, 287, 294, 296.)  This Order memorializes the Court's rulings on the aforementioned pretrial motions and MILs as announced from the bench and into the record, including additional instructions that were given to the Parties. While this Order summarizes the Court's rulings as announced into the record during the pretrial hearing, this Order in no way limits or constrains such rulings from the bench.  Accordingly, it is hereby **ORDERED** as follows:

## PRETRIAL MOTIONS

1.  **Motion for Summary Judgment on Contract-Based Affirmative Defenses and Counterclaims (Dkt. No. 191); Motion for Partial Summary Judgment Regarding the Microsoft Agreement-Based Claims and Defenses (Dkt. No. 186)**

    The Court heard argument concurrently on Dkt. Nos. 191 and 186, which were competing motions for summary judgment on the same issues. The motions were **DENIED**. The Court found that there were unresolved questions of material fact with regard to the relief requested in both motions. The Court further noted for the record that Plaintiff's Motion for Partial Summary Judgment Regarding the Apple Agreement-Based Claims and Defenses (Dkt. No. 187) was **WITHDRAWN**.

2.  **Motion for Partial Summary Judgment on Defendants' § 1498 Defense (Dkt. No. 185)**

    The motion was **GRANTED**. The Court found that there was no real evidence presented to the Court that would show the requisite authorization and consent from the government.

3.  **Motion to Strike Certain Opinions of Persechini (Dkt. No. 196)**

    The motion was **DENIED**. The Court found that Plaintiff did not raise any issues in Mr. Persechini's report that warrant exclusion.

4.  **Motion to Strike the Testimony of Adjali (Dkt. No. 287)**

    The motion was **DENIED**. The Court found that Mr. Adjali is permitted to serve as the corporate representative for Defendants at the trial. The Court further **ORDERED** that Plaintiff is permitted to depose Mr. Adjali before the trial date. The Court further **ORDERED** that Defendants shall bring Mr. Lechner to trial in the event of inconsistencies between Mr. Lechner's and Mr. Adjali's testimony.

**5.** **Motion to Strike Certain Opinions of Pellegrino (Dkt. No. 192)**

The motion was **DENIED**.  The Court further **ORDERED** that Defendants are permitted to take a two-hour deposition of Mr. Pellegrino limited to the supplemental report he served regarding the foreign sales of the accused software.

## MOTIONS *IN LIMINE*

Further to the Court's Standing Order on Motions *In Limine* issued August 11, 2023, it is **ORDERED** that the Parties, their witnesses, and counsel shall not raise, discuss, or argue the following before the venire panel or the jury without prior leave of the Court:

## I.    DEFENDANTS' MOTIONS *IN LIMINE* (Dkt. No. 294)

Defendants' MIL 1    **Exclude Mr. Pellegrino's prejudicial testimony disparaging HPE and the sufficiency of its financial production or bolstering the reputation of its inventors.**

The MIL was **GRANTED AS AGREED.**   The agreement between the parties was announced into the record and counsel for both parties confirmed this agreement.

Defendants' MIL 2    **Exclude reference to "HP, Inc." having taken a license to the Asserted Patents.**

The MIL was **WITHDRAWN.**

## II.    PLAINTIFF'S MOTIONS *IN LIMINE* (Dkt. No. 296)

Plaintiff's MIL 1    **Exclude prior actions involving Brian Yates, his companies, and related proceedings.**

The MIL was **GRANTED.**  The Court **ORDERED** that the parties must seek prior leave from the Court to introduce any evidence regarding Mr. Yates during the trial.

Plaintiff's MIL 2    **Exclude the prior lawsuit/dispute between inventors James Roskind and Aaron Emigh.**

The MIL was **GRANTED AS AGREED.**   The agreement between the parties was announced into the record and counsel for both parties confirmed this agreement.

Plaintiff's MIL 3    **Exclude reference to any unasserted claims, dropped instrumentality, or prior art.**

The MIL was **WITHDRAWN.**

The following MILs were agreed to by the parties (Dkt. No. 295):

Joint MIL 1: Exclude reference to the value and propriety of patents acquired from others.

<u>Joint MIL 2:</u> Exclude reference to Israel, Jews, or Israelis directing or benefitting from the litigation.

<u>Joint MIL 3:</u> Exclude characterization of the burden of proof for the "clear and convincing" standard.

<u>Joint MIL 4:</u> Exclude criticism of experts' opinions in other actions.

The foregoing Joint MILs are **GRANTED AS AGREED**.

## **EXHIBIT DISPUTES**

The Court ruled on the objections to the parties' respective exhibit lists. In light of the Court's rulings, the exhibit lists filed in conjunction with the Joint Pretrial Order are now out of date. Accordingly, the Parties are **ORDERED** to file updated exhibit lists within ten (10) days from the issuance of this Order.

**So ORDERED and SIGNED this 25th day of July, 2024.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE